[Cite as *State v. Collins*, 2013-Ohio-2419.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12 CA 20 |
| MICHAEL T. COLLINS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 11CR07-0109

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 10, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN C. THATCHER                 JOHN A. DANKOVICH
PROSECUTING ATTORNEY          ASSISTANT PUBLIC DEFENDER
AARON E. ALLARD                  One Public Square
ASSISTANT PROSECUTOR           Mount Vernon, Ohio  43050
117 East High Street, Suite 234
Mount Vernon, Ohio  43050

*Wise, P. J.*

{¶1}    Appellant Michael T. Collins appeals from his sentences rendered by the Court of Common Pleas, Knox County, for the felony offenses of having weapons under a disability and tampering with evidence, both with firearm specifications. The relevant facts leading to this appeal are as follows.

{¶2}    On the night of July 1, 2011, Appellant Michael T. Collins drove his daughter, Melissa Collins, to her residence on Martinsburg Road to deal with a dispute Melissa was having with her brother, Jesse Collins, concerning her trailer. Appellant, already a convicted felon, had a gun in his vehicle. Jesse Collins and his girlfriend, Lilly Dawn Claggett, were already at the trailer.

{¶3}    A confrontation ensued, leading to a car chase and the exchange of gunfire on the road. At some point, appellant fired his weapon and killed Lilly Dawn Claggett and paralyzed his son Jesse. Appellant and Melissa Collins left the scene, and Melissa hid appellant's weapon behind a telephone pole in tall grass. The next morning, after he was arrested, appellant led police to the location of the gun.

{¶4}    On August 2, 2011, appellant was indicted on one count of Murder (R.C. 2903.02(A)) with a firearm specification, one count of Murder (R.C. 2903.02(B)) with a firearm specification, one count of Attempted Murder (R.C. 2923.02(A)) with a firearm specification, Voluntary Manslaughter (R.C. 2903.03(A)) with a firearm specification, Involuntary Manslaughter (R.C. 2903.04(A)) with a firearm specification, Felonious Assault (R.C. 2903.11(A)(1)) with a firearm specification, Felonious Assault (R.C. 2903.11(A)(1)) with a firearm specification, Having Weapons Under Disability (R.C.

2923.13(A)(3)) with a firearm specification, and Tampering With Evidence (R.C. 2921.12(A)(1)) with a firearm specification.

{¶5} At the conclusion of the trial on July 20, 2012, the jury found appellant not guilty of Murder, Murder, Attempted Murder, Voluntary Manslaughter, Involuntary Manslaughter, Felonious Assault and Felonious Assault. However, appellant was found guilty of Having Weapons Under Disability (R.C. 2923.13(A)(3)), with a firearm specification, and Tampering With Evidence (R.C. 2921.12(A)(1)), a felony of the third degree, with a firearm specification.

{¶6} On August 24, 2012, after a pre-sentence investigation, the trial court sentenced appellant to two terms of thirty-six (36) months to be served consecutively and a one (1) year term for a gun specification as to the tampering with evidence charge for a total of seven (7) years with credit for four-hundred and nineteen (419) days time served.

{¶7} On September 21, 2012, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED IN IMPOSING MAXIMUM CONSECUTIVE SENTENCES.

{¶9} "II. THE TRIAL COURT ERRED IN TAKING INTO CONSIDERATION IMPROPER FACTORS WHEN RENDERING SENTENCE."

I., II.

{¶10} In his First Assignment of Error, appellant challenges his maximum, consecutive sentences for his convictions of weapons under disability and tampering with evidence, both felonies of the third degree. In his Second Assignment of Error,

appellant contends the trial court relied on improper factors in ordering maximum sentences. We will address these assigned errors together.

{¶11} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* Furthermore, " * * * the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction." *See State v. Beverly,* Delaware App.No. 03 CAA 02011, 2003–Ohio–6777, ¶ 17. But we have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* Licking App.No. 2006–CA–41, 2006–Ohio–5823, ¶ 52.

### *Maximum Sentence Issue*

{¶12} Appellant first argues that the court erred in sentencing him to maximum sentences on the offenses of weapons under disability and tampering with evidence.

{¶13} Subsequent to the Ohio Supreme Court's *Foster* decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons,* Belmont App.No. 12 BE 11, 2013–Ohio–1281, ¶ 14.

**{¶14}** In the case sub judice, both sentences at issue are within the statutory range for third-degree felonies. *See* R.C. 2929.14(A)(3).[1] However, appellant specifically contends, as the basis of his Second Assignment of Error, that the trial court relied on improper factors in ordering maximum sentences.

**{¶15}** Appellant directs us to the decision of the Third District Court of Appeals in *State v. Blake*, Union App.No. No. 14-03-33, 2004-Ohio-1952, a pre-*Foster* decision. In that case, the defendant, Floyd Neal Blake, had been originally indicted on four counts of rape and four counts of gross sexual imposition. The State thereafter voluntarily dismissed three counts of rape and three counts of gross sexual imposition. Blake and the State then entered into a plea agreement such that the State dismissed the remaining rape charge and Blake entered a guilty plea to one count of gross sexual imposition. The trial court in that case ultimately gave Blake the maximum sentence of five years in prison.

**{¶16}** On appeal, the Third District Court of Appeals concluded that the trial court had erred in sentencing Blake to the maximum sentence, stating as follows:

**{¶17}** "In this case, the trial court expressly stated its belief that Blake had committed the offenses which the State had voluntarily dismissed prior to the plea agreement. No evidence was entered to support the conclusion that Blake committed those offenses. The trial court also expressed its belief that Blake had committed the rape charge which was dismissed pursuant to the plea agreement. Although all of these things can be considered to determine likelihood to recidivate, they cannot be the sole basis for imposing the maximum sentence. To allow that is to permit Blake to be

---

[1] Current R.C. 2929.14(A)(3)(b) has reduced the maximum prison term for many third-degree felonies from 5 years to 36 months.

convicted of those offenses without a trial or an opportunity to defend himself by cross-examining the witnesses. The trial court approved the voluntary dismissals by the State and approved the plea agreement. By doing so, it gave up the right to find Blake guilty of those charges. By expressing the belief that Blake was guilty of those charges and basing the sentence on that belief, the trial court indicated a bias towards Blake and implies an improper sentence. This is especially the case when considering Blake guilty of the offenses against the second girl. Those charges were voluntarily dismissed by the State and Blake never indicated any guilt in connection with those charges."

**{¶18}** *Id.* at ¶ 6.

**{¶19}** In the case sub judice, appellant maintains the trial court improperly took into consideration, for sentencing purposes, the counts for which appellant was found not guilty by a jury, including testimony he alleges did not relate to having weapons under disability and tampering with evidence. In support, he points out that the court allowed three persons to make victims' statements with regard to Lilly Dawn Claggett's death. *See* Sentencing Tr. at 4-10. He additionally directs us to the following statement by the court: "Well, that son that's paralyzed and that family that's in disorder is a direct result of your actions. I heard the whole trial here, Mr. Collins. Yeah. This didn't have to happen." *Id.* at 12.

**{¶20}** Upon review, we are unpersuaded that the aforesaid occurrences during sentencing support the conclusion that the trial court violated the rule of *Blake*. Moreover, this Court has recognized that self-defense is a "confession and avoidance" affirmative defense in which the defendant admits the elements of the crime but seeks to prove some additional element which absolves the defendant of guilt. *See*

*Uhrichsville v. Losey,* Tuscarawas App.No. 2005 AP 03 0028, 2005-Ohio-6564, ¶ 9, citing *State v. White* (Jan. 14, 1998), Ross App. No. 97 CA 2282. Thus, even though appellant was acquitted of the more serious charges in this matter based on the defense of self-defense, it was not improper for the trial court to consider, for sentencing purposes, the facts surrounding appellant's placement of himself in the middle of the violent mayhem that developed on July 1, 2011.

**{¶21}** Accordingly, we hold the maximum sentences in this matter were not based on the consideration of improper factors and are not unreasonable, arbitrary or unconscionable.

### *Consecutive Sentence Issue*

**{¶22}** Appellant next challenges his consecutive sentences on the two third-degree felonies. 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster. See State v. Wells*, Cuyahoga App.No. 98428, 2013-Ohio-1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley*, Marion App.No. 9–12–31, 2013-Ohio-852, ¶ 12, citing *State v. Frasca,* Trumbull App.No. 2011–T–0108, 2012–Ohio–3746, ¶ 57. But the record must clearly demonstrate that consecutive sentences are not only appropriate,

but are also clearly supported by the record. *See State v. Bonnell,* Delaware App.No. 12CAA3022, 2012–Ohio–5150.

**{¶23}**   R.C. 2929.14(C)(4) provides, in relevant part:

**{¶24}**   "If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

**{¶25}**   "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶26}**   "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶27}**   "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶28}**   (Emphases added).

**{¶29}** In the case sub judice, the trial court set forth the following findings in its judgment entry regarding consecutive sentences: "The Court finds consecutive sentences are necessary to protect the public, to punish the Defendant, are not disproportionate, and the harm caused by Defendant was so great that a single term does not adequately reflect the seriousness of Defendant's conduct."

**{¶30}** Sentencing Entry, August 24, 2012, at 2.

**{¶31}** Although appellant maintains that his use of the weapon was in self-defense (in reference to the weapons under disability conviction) and that the hiding of the weapon after the shooting was brief (in reference to the tampering with evidence conviction), we find the trial court complied with R.C. 2929.14(C)(4) and we are unable to find reversible error in the trial court's decision to impose consecutive sentences in the case sub judice.

*Conclusion*

**{¶32}** Upon review, we hold the trial court's consecutive, maximum sentences in this matter are not unreasonable, arbitrary or unconscionable. We further hold said sentences are not contrary to law.

**{¶33}**   Appellant's First and Second Assignments of Error are overruled.

**{¶34}**   For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0221

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                     :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
MICHAEL T. COLLINS                               :
                                                 :
    Defendant-Appellant                    :                    Case No. 12 CA 20


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
                                  JUDGES