[Cite as *Black v. Chiropractic Assocs. of Zanesville, L.L.C.*, 2014-Ohio-192.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID C. BLACK | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. Sheila G. Farmer, J. |
| Appellant | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2013-0012 |
| CHIROPRACTIC ASSOCIATES<br>of ZANESVILLE, LLC, et al. | |
| Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                             Pleas, Case No.  CF2012-0323

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 16, 2014

APPEARANCES:

For Appellant                       For Appellee Chiropractic

DAVID C. BLACK                      MILES D. FRIES
1055 1/2 Blue Avenue                GOTTLIEB JOHNSTON BEAM &
Zanesville, Ohio  43701             DAL PONTE
                                    320 Main Street, P. O. Box 190
                                    Zanesville, Ohio  43702-0190

                                    For Appellee ODJFS

                                    MICHAEL DEWINE
                                    ATTORNEY GENERAL
                                    PATRIA V. HOSKINS
                                    ASSISTANT ATTORNEY GENERAL
                                    30 East Broad Street, 26th Floor
                                    Columbus, Ohio  43215-3400

*Wise, J.*

**{¶1}** Appellant (Claimant) David C. Black appeals from the decision of the Court of Common Pleas, Muskingum County, which affirmed a decision by the Ohio Unemployment Review Commission to disallow appellant's application for unemployment compensation. The relevant facts leading to this appeal are as follows.

**{¶2}** Prior to the events leading to the present dispute, appellant was employed as a chiropractor at Zanesville Chiropractic, Inc. ("ZCI").[1] In June 2011, appellant commenced employment as a chiropractor at Appellee Chiropractic Associates of Zanesville ("CAZ"). CAZ, a business competitor of ZCI, is owned and operated by Dr. Rusty Myers.

**{¶3}** ZCI thereafter asserted that appellant's employment at CAZ was in violation of a non-competition agreement between appellant and ZCI. On October 5, 2011, appellant was served with a temporary restraining order in that regard. Dr. Myers thereupon offered appellant work opportunities at CAZ to avoid a conflict with the restraining order, such as preparing insurance documentation and report writing, until the temporary restraining order could be resolved in court. Appellant nonetheless stopped reporting for work at CAZ upon his receipt of the aforesaid restraining order.

**{¶4}** On October 8, 2011, appellant filed an application for unemployment compensation with the director of the Ohio Department of Job and Family Services ("ODJFS").

**{¶5}** On November 22, 2011, ODJFS allowed appellant's initial application for unemployment benefits.

---

[1]    In order to alleviate any confusion over the names of the two chiropractic entities involved, we are creating acronyms for purposes of our opinion.

{¶6} On November 28, 2011, CAZ appealed the initial determination to the Redetermination Unit of ODJFS.

{¶7} On December 14, 2011, the Redetermination Unit affirmed the initial determination to allow benefits to appellant.

{¶8} On December 20, 2011, CAZ appealed the decision of the Redetermination Unit to the Ohio Unemployment Review Commission. On December 27, 2011, ODJFS transferred jurisdiction to the Commission.

{¶9} On March 1, 2012, the Commission conducted a telephonic hearing, during which Appellant appeared and offered sworn testimony. Chiropractic Associates of Zanesville also appeared and was represented by its owner, Dr. Rusty Myers.

{¶10} On March 15, 2012, the Commission's hearing officer reversed the ODJFS redetermination with regard to appellant's separation from employment from CAZ. The hearing officer held that appellant's application was disallowed, because he was not involuntarily totally or partially unemployed at the time that he applied for unemployment compensation benefits.

{¶11} Appellant's subsequent request for review was disallowed.

{¶12} Appellant then appealed the Commission's decision to the Muskingum County Court of Common Pleas. In its judgment of February 11, 2013, the Common Pleas Court affirmed the Commission's decision.

{¶13} On March 13, 2013, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶14} "I. THE JUDGE DID NOT REVIEW THE CASE LAW AND DID NOT PROVIDE ANY REASONING FOR HIS DECISION.

{¶15} "II. HEARING OFFICER PATTERSON'S DECISION IS PREDICATED IN LARGE PART ON NOT ALLOWING ME DUE PROCESS OF LAW."

I., II.

{¶16} In his First and Second Assignments of Error, appellant essentially contends the trial court improperly affirmed the Commission's denial of benefits without reviewing the law, without providing adequate reasoning, and without ensuring due process of law by the hearing officer. We disagree.

{¶17} The process of filing applications for determination of benefit rights and claims for unemployment compensation benefits with the ODJFS Director is set forth in R.C. 4141.28. As a reviewing court, we may reverse an unemployment board determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Administrator* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus. While appellate courts are not permitted to make factual findings, or to determine the credibility of witnesses, they have the duty to determine whether the board's decision is supported by the evidence in the record. *Id.* at 696, 653 N.E.2d 1207. The same standard of review is shared by all reviewing courts, from the common pleas court through the Ohio Supreme Court. *Id.* Therefore, the duty of this Court is to review the decision of the Review Commission to determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. *Cardani v. Olsten Home Health Care* (March 22, 1999), Tuscarawas App.No. 1998AP110118. As a reviewing court, we may neither substitute our judgment for that of the Commission on questions of fact nor reassess the credibility of the witnesses.

*Kilgore v. Bd. of Rev., Bur. of Unemp. Comp.* (1965), 2 Ohio App.2d 69, 72, 206 N.E.2d 423.

**{¶18}** In the case sub judice, the hearing officer determined that appellant's unemployment was not involuntary, finding that " *** Dr. Myers generously offered Claimant several different options to allow him to continue working in a more administrative capacity", but that "Claimant denied the employer's offer without reasonable explanation and voluntarily chose to not work at all during his settlement negotiations." UCRC Decision at 4. The common pleas court thereafter determined the hearing officer's decision was supported by competent, credible evidence. Appellant presently alleges that Dr. Myers of CAZ was aware of the non-competition clause with ZCI, and that Dr. Myers promised to open a new office should legal complications arise because of the clause. He essentially urges that the temporary restraining order put him in an untenable position without CAZ facilitating a way for him to work off-site. However, the common pleas court, as a reviewing court, was not permitted to reverse the Commission's decision simply because reasonable minds might reach different conclusions. *See Williams v. Ohio Dept. of Job and Family Services*, 129 Ohio St.3d 332, 951 N.E.2d 1031, 2011-Ohio-2897, ¶ 20, citing *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 18, 19 OBR 12, 482 N.E.2d 587.

**{¶19}** Upon review, we are unable to conclude that the decision of the Review Commission, and the trial court in affirming same, was unlawful, unreasonable, or against the manifest weight of the evidence.

**{¶20}** In regard to appellant's specific allegation in the text of his first assigned error that the trial court failed to "review the case law," we note that a presumption of

regularity attaches to all trial court proceedings. *See, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. Appellant fails to articulate his assertion or otherwise demonstrate that the trial court failed to follow Ohio law regarding unemployment compensation. See App.R. 16(A)(7). In regard to appellant's claim that the trial court failed to provide reasoning for its decision, we recite R.C. 4141.282(H), which succinctly states that if a common pleas court, in considering an appeal from the UCRC, "finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." Thus, there is no direct legislative requirement in R.C. 4141.282(H) that a common pleas court state findings or reasons in its decision. A reviewing court in such cases is actually directed not to make factual findings or weigh witness credibility. *See, e.g., Isenberg v. Artcraft Memorials*, Trumbull App.No. 2011–T–0093, 2012-Ohio-2564, ¶ 11, citing *Williams*, *supra*. Lastly, appellant fails to persuade us that the hearing officer's apparent conclusion in her decision that appellant had effectively taken a leave of absence (see UCRC Decision at 4) constitutes a violation of his due process rights.

{¶21} Appellant's First and Second Assignments of Error are therefore overruled.

{¶22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.