[Cite as *State v. Fox*, 2016-Ohio-3293.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CAA 10 0082 |
| LARRY FOX | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No.  12 CR I  10 0409 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | June 3, 2016 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | |
| CAROL HAMILTON O'BRIEN | TODD A. WORKMAN |
| PROSECUTING ATTORNEY | WORKMAN LAW FIRM |
| ERIC C. PENKAL | 35 North Sandusky Street |
| ASSISTANT PROSECUTOR | Delaware, Ohio  43015 |
| 140 North Sandusky Street | |
| Delaware, Ohio  43015 | |

*Wise, J.*

{¶1}    Appellant Larry Fox appeals from the decision of the Court of Common Pleas, Delaware County, resentencing him following a prior remand resulting from his 2014 direct appeal. Appellee is the State of Ohio. The relevant facts leading to this appeal are summarized as follows:

{¶2}    Appellant and C. T. (an adult) formerly lived in the same trailer park community in Lewis Center, Ohio. C.T. and his friend Franklin Pyle sometimes hung out with appellant and his brother, Harry Fox, at appellant's trailer. In early October 2012, appellant gave Pyle money to buy some marijuana. C.T. and Pyle ended up in Columbus, but they eventually called appellant and his brother to explain the drug money had been stolen before they could purchase the marijuana. Appellant told C.T. he had a certain amount of time to pay him back.

{¶3}    On October 16, 2012, Pyle and C.T. went to appellant's trailer after being told he wanted to speak with them. Several other individuals were initially present. About thirty minutes after Pyle and C.T. arrived, appellant got up and locked the door, stating no one was leaving. C.T. was subsequently forced to sit on the floor, naked and handcuffed. Appellant proceeded to terrorize C.T. with a machete, questioning him about the money and the failed drug deal.

{¶4}    Appellant then told C.T. he would have to perform "oral favors" in exchange for the lost money, or appellant would kill him. Appellant, continuing to hold the machete, subsequently forced C.T. to perform oral sex on him. Appellant later told everyone in the trailer to leave and not to speak of the incident or he would kill them.

{¶5} On October 26, 2012, appellant was indicted by the Delaware County Grand Jury on the following counts:

{¶6} Count 1: Kidnapping, to terrorize or inflict serious physical harm (R.C. 2905.01(A)(3)), a felony of the first degree;

{¶7} Count 2: Kidnapping, to facilitate a felony (R.C. 2905.01(A)(2)), a felony of the first degree;

{¶8} Count 3: Kidnapping, to commit rape (R.C. 2905.01(A)(4)), a felony of the first degree;

{¶9} Count 4: Abduction by Force (R.C. 2905.02(A)(2)), a felony of the third degree;

{¶10} Count 5: Rape (R.C. 2907.02(A)(2)), a felony of the first degree;

{¶11} Count 6: Rape (R.C. 2907.02(A)(2)), a felony of the first degree.

{¶12} The kidnapping counts were subsequently reduced to felonies of the second degree.

{¶13} Following a jury trial, appellant was convicted of the aforesaid charges. Via a judgment entry issued on September 30, 2014, appellant was sentenced as follows:

{¶14} Count 1: Kidnapping, to terrorize or inflict serious physical harm - a prison term of eight years.

{¶15} Count 3: Kidnapping, to commit rape - a prison term of eight years, to be served consecutive to the term imposed on Count 1.

{¶16} Count 5: Rape - a mandatory prison term of eleven years, to be served consecutive to the term imposed on Counts 1 and 3.

**{¶17}** Count 6: Rape - a mandatory prison term of eleven years, to be served consecutive to the terms imposed on Counts 1, 3 and 5.

**{¶18}** Count 4: Abduction by Force - merged with Count 1 as an allied offense of similar import, and found to be a lesser offense to the charge of kidnapping.

**{¶19}** Count 2: Kidnapping, to facilitate a felony - merged with Count 3 for purposes of sentencing.

**{¶20}** Appellant was further classified a Tier III sex offender registrant pursuant to R.C. 2950.032.

**{¶21}** Appellant then filed a direct appeal to this Court arguing (1) that the trial court had erred in failing to merge Count 3 (kidnapping to commit rape), with the rape charges and (2) that his constitutional rights were violated because there was insufficient evidence to support three separate counts of kidnapping. On August 26, 2015, this Court sustained appellant's first assigned error and found his second assigned error to be moot. *See State v. Fox*, 5th Dist. Delaware No. 14 CAA10 0065, 41 N.E.3d 230, 2015-Ohio-3515 ("*Fox I*").

**{¶22}** Following remand, the trial court conducted a resentencing hearing. On September 21, 2015, the trial court sentenced appellant to a total of thirty years in prison. Among other things, the trial court orally concluded: "I do feel that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant, and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger that he poses to the public, and also I find that the history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the Defendant." Tr. at 6.

**{¶23}** Appellant filed a notice of appeal on October 19, 2015. He herein raises the following sole Assignment of Error:

**{¶24}** "I. THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE NECESSARY DETERMINATIONS REQUIRED BY LAW WHEN SENTENCING DEFENDANT/APPELLANT TO A CONSECUTIVE PRISON TERM THEREFORE MAKING THE SENTENCE CONTRARY TO LAW."

I.

**{¶25}** In his sole Assignment of Error, appellant maintains the trial court erred in failing to make the necessary determinations to support its order of consecutive prison sentences. We disagree.

**{¶26}** Under R.C. 2953.08(G)(2)(a), we consider in the present context whether there is clear and convincing evidence that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) to impose consecutive sentences. *See State v. Deeb*, 6th Dist. Erie No. E-14-117, 2015-Ohio-2442, ¶ 27.

**{¶27}** We thus direct our attention to R.C. 2929.14(C)(4), which provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender *and* that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, *and* if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**(c)**     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶28}**  (Emphases added).

**{¶29}**  Thus, in a nutshell, "R.C. 2929.14(C)(4) provides that a trial court may require the offender to serve multiple prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of three facts specified in subdivisions (a), (b), and (c)." *State v. Leet,* 2nd Dist. Montgomery No. 25966, 2015–Ohio–1668, ¶ 15 (internal quotations and brackets omitted).

**{¶30}**  As a brief history, we note 2011 Am.Sub.H.B. No. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General

Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective in the pre-*Foster* era. *See State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11.

**{¶31}** In the case *sub judice,* appellant first maintains the trial court failed to properly state "reasons" to support its statutory consecutive sentence findings. In support, he cites several pre-H.B. 86 cases, including *State v. Rich*, 4th Dist. Pickaway Nos. 00CA46 & 00CA0047, 2001-Ohio-2613, which states: " *** [A]fter a sentencing court has made the required findings under [former] R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms."

**{¶32}** However, we have held on numerous occasions that although H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *See, e.g., State v. Collins*, 5th Dist. Knox No. 12 CA 20, 2013-Ohio-2419, ¶ 22, citing *State v. Bentley,* Marion App.No. 9–12–31, 2013–Ohio–852, ¶ 12. Moreover, the Ohio Supreme Court has now clearly held as follows: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus.

**{¶33}** Accordingly, appellant's claim regarding a lack of adequate recited reasons by the trial court concerning consecutive sentences is without merit.

{¶34} Appellant secondly contends the trial court did not have adequate information to review for purposes of sentencing, as it appears the official court file and jacket had not yet been returned to the trial court subsequent to this Court's decision in *Fox I. See* Tr., September 21, 2015 Resentencing Hearing, at 5. In that regard, we note the trial court judge stated that he had "considered the remarks here" and had "looked through the file that my office has handed to me from my predecessor and considered all of the information that I can glean about the case of course from the Court of Appeals' decision ***." *Id.* The court also noted it had reviewed the PSI report and victim impact statement. Sentencing Entry Pursuant to Remand at 2.

{¶35} A presumption of regularity attaches to all trial court proceedings. *See, e.g., Black v. Chiropractic Assocs. of Zanesville, L.L.C.*, 5th Dist. Muskingum No. CT2013-0012, 2014-Ohio-192, ¶ 20, citing *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. In the case *sub judice,* upon review, we hold the trial court adequately reviewed the case pursuant to our remand, and we find no clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4) for purposes of imposing consecutive sentences. *Deeb*, *supra*.

{¶36} Appellant's sole Assignment of Error is therefore overruled.

{¶37} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0518