WILLIAMS, APPELLEE, *v.* OHIO DEPARTMENT OF JOB AND FAMILY SERVICES;

BRIDGEWAY, INC., APPELLANT.

[Cite as *Williams v. Ohio Dept. of Job & Family Servs.*,

129 Ohio St.3d 332, 2011-Ohio-2897.]

*Unemployment compensation — Just cause — When employment is expressly conditioned upon obtaining or maintaining a license, the employee agrees to the condition, and the employee is afforded reasonable opportunity to comply, failure to meet the condition is just cause for termination.*

(No. 2010-1166 — Submitted March 22, 2011 — Decided June 22, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93594,

2010-Ohio-2222.

_____

**SYLLABUS OF THE COURT**

When employment is expressly conditioned upon obtaining or maintaining a license or certification and an employee agrees to the condition and is afforded a reasonable opportunity to obtain or maintain the license or certification, an employee's failure to comply with that condition is just cause for termination for unemployment compensation purposes.

_____

**LANZINGER, J.**

**{¶ 1}** In this case, we are asked to determine whether an employee whose promotion was conditioned upon the obtaining of a license within a certain time was terminated with just cause because she failed to meet that condition.

**I. Case Background**

**{¶ 2}** Appellant, Bridgeway, Inc., is a community mental health center that provides a variety of services, including housing services, employment

services, and counseling, to the mentally ill. Appellee, Mary Williams, was hired as a full-time residential social worker at the center.

{¶ 3} Approximately three months after her hiring, Williams was offered a promotion to residential services program manager by Bridgeway. A residential services program manager is required to supervise and manage two 24-hour residential facilities and is responsible for all aspects of the operations programming, including signing off on clinical treatment plans. Williams's promotion was conditioned on the requirement that she obtain certification as a licensed independent social worker ("LISW") within 15 months. The appointment letter dated January 17, 2007, states: "You will be required to complete your LISW licensure within 15 months (by May 2008) which is a requirement for this position. Failure to complete the LISW licensure by May of 2008 will make you ineligible to keep this position." In signing the appointment letter on January 23, 2007, Williams acknowledged, "I have read the attached position description and accept the terms and conditions of employment as stated and discussed for the position of Residential Services Program Manager."

{¶ 4} Williams was scheduled to take the LISW exam in April 2008, but due to health concerns, she rescheduled the test for June, with Bridgeway's consent. Unfortunately, she did not receive a passing score in June and was not eligible to take the exam again for 90 days. Because Williams did not obtain her LISW certification within the time required, she was terminated.

{¶ 5} Williams filed an application for unemployment compensation with the Ohio Department of Job and Family Services. The agency disallowed the application, determining that she had been discharged with just cause. On appeal, the director's redetermination affirmed the initial decision. A second appeal followed, and the matter was transferred to the Unemployment Compensation Review Commission.

2

{¶ 6} At a telephone hearing held in October 2008, Cheryl Lydston, Williams's supervisor, testified on Bridgeway's behalf. She stated that Williams was discharged because she failed to obtain her LISW certification within 15 months. The supervisor explained that Williams's failure to obtain the LISW certification affected Bridgeway because program managers were expected to provide clinical supervision of staff and to have a certain expertise in providing services. Because Williams was not an LISW, another program manager had to sign off on treatment plans and clinically monitor the plans.

{¶ 7} On cross-examination, Lydston acknowledged that another program manager, who had worked for Bridgeway for approximately 13 years at the time of hearing, did not have her LISW certification. That individual, however, was a registered nurse and a licensed counselor and was hired at a time when the company wanted nurse managers. Lydston also testified that although she did not have her LISW certification when she started with Bridgeway as a program manager in 2000, following her promotion to supervisor in 2006, she obtained the license in 2007, as the company had required.

{¶ 8} Williams also testified. She agreed that when she was promoted to program manager, she was informed that the promotion was conditioned upon her obtaining LISW certification. Williams also admitted that she failed the exam in June 2008.

{¶ 9} The hearing officer issued a decision affirming the director's redetermination that Williams had been discharged with just cause:

{¶ 10} "The facts cited above strongly support the decision that claimant was discharged with just cause in connection with her work and that the Redetermination decision must be affirmed. When claimant was offered and accepted the position as Residential Program Manager, she clearly knew that she was required, as a condition of employment, to pass the test to receive her LISW

certification within fifteen months. She waited to the last moment and failed the test with insufficient time remaining to retake the test.

**{¶ 11}** "Claimant raises the defense that two other Residential Program Managers did not have the LISW certification. One has been a Residential Program Manager for thirteen years and the other for five years. It is not uncommon to have employers increase the educational pre-requisites in order to be hired or maintain employment. Claimant knew she had fifteen months to get the certification. She failed to do so without justification."

**{¶ 12}** Williams appealed to the Court of Common Pleas of Cuyahoga County. Following briefing and a review of the record, the common pleas court found that that decision of the Unemployment Compensation Review Commission was not unlawful, unreasonable, or against the manifest weight of the evidence and denied the appeal.

**{¶ 13}** Williams appealed to the Eighth District Court of Appeals. The appellate court reversed, holding that Williams's requirement to obtain an LISW certification was not fairly applied to other program managers. *Williams v. Ohio Dept. of Job & Family Servs.*, 8th Dist. No. 93594, 2010-Ohio-2222, ¶ 20. We accepted Bridgeway's discretionary appeal on one proposition of law: "An employee who fails to obtain a license or certification that was a condition of employment, as verified by the letter of appointment signed by the employee at the time of hire, is discharged for just cause in connection with work within the meaning of Ohio Revised Code Section 4141.29(D)(2)(a)."

## II. Analysis

**{¶ 14}** Williams applied for unemployment compensation after she was discharged by Bridgeway. R.C. 4141.29 sets forth the eligibility and qualifications for unemployment benefits:

**{¶ 15}** "(D) * * * [N]o individual may serve a waiting period or be paid benefits under the following conditions:

{¶ 16} "* * *

{¶ 17} "(2) For the duration of the individual's unemployment if the director finds that:

{¶ 18} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *."

{¶ 19} R.C. 4141.46 provides that R.C. 4141.01 through 4141.46 is to be liberally construed.

### A. Standard of Review

{¶ 20} The Unemployment Compensation Review Commission's determination of whether a claimant was discharged with just cause is appealable to the court of common pleas: "If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H). This limited standard of review applies to all appellate courts. *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 18, 19 OBR 12, 482 N.E.2d 587. Thus, a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it. Id. In other words, a reviewing court may not reverse the commission's decision simply because "reasonable minds might reach different conclusions." Id.

### B. Just Cause

{¶ 21} Bridgeway contends that because Williams's employment was conditioned on the obtaining of an LISW certification within 15 months, her failure to comply with that condition was just cause for her termination and thus she was not eligible for unemployment benefits.

{¶ 22} Although it is not defined by statute, we have stated that "just cause" is " 'that which, to an ordinarily intelligent person, is a justifiable reason

for doing or not doing a particular act.' " *Irvine*, 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587, quoting *Peyton v. Sun T.V. & Appliances* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 335 N.E.2d 751. The determination whether there is just cause for discharge depends upon the factual circumstances of each case. *Warrensville Hts. v. Jennings* (1991), 58 Ohio St.3d 206, 207, 569 N.E.2d 489. "[W]hat constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act. Essentially, the Act's purpose is 'to enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.' " (Emphasis sic.) *Irvine* at 17, quoting *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O.2d 122, 199 N.E.2d 3.

{¶ 23} However, we have cautioned, "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 697-698, 653 N.E.2d 1207.

{¶ 24} Fault on an employee's part is an essential component of a just-cause termination. Fault, however, is not limited to willful or heedless disregard of a duty or a violation of an employer's instructions. Id. at 698. Unsuitability for a position constitutes fault sufficient to support a just-cause discharge. "An employer may properly find an employee unsuitable for the required work, and thus to be at fault, when: (1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of

hiring, (3) the expectations were reasonable, and (4) the requirements of the job did not change substantially since the date of the original hiring for that particular position." Id. at paragraph four of syllabus.

{¶ 25} In this case, it is clear that Bridgeway informed Williams of its expectation that she obtain her LISW certification within 15 months of her promotion, that she was aware of the condition, and that she failed to satisfy that condition. There is no evidence or argument that obtaining the LISW certification was an unreasonable expectation or that the time within which she was required to obtain the license was unreasonable. Although Williams argues that she was not afforded the opportunity to retake the examination, she was the person who controlled the timing of taking the examination. In fact, Bridgeway accommodated Williams when she was not able to take the exam in April due to health concerns and allowed her to take it outside the 15-month period. Even though Bridgeway had granted Williams a short extension to take the examination, it did not waive the requirement that she obtain the license.

{¶ 26} Finding that Williams's discharge was with just cause is consistent with the purpose of the Unemployment Compensation Act. "The act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." *Salzl v. Gibson Greeting Cards, Inc.* (1980), 61 Ohio St.2d 35, 39, 15 O.O.3d 49, 399 N.E.2d 76. There were no outside economic factors influencing Williams's termination. Williams had a responsibility to obtain the license as she had agreed to do when accepting the promotion. Failing to meet that requirement was sufficient to establish fault as it was defined in *Tzangas*.

{¶ 27} We hold that when employment is expressly conditioned upon obtaining or maintaining a license or certification and an employee agrees to the condition and is afforded a reasonable opportunity to obtain or maintain the

license or certification, an employee's failure to comply with that condition is just cause for termination for unemployment compensation purposes. We therefore conclude that the review commission's decision to deny Williams unemployment benefits was not unlawful, unreasonable, or against the manifest weight of the evidence.

## C. Fairly Applied Policy

{¶ 28} The court of appeals determined that Williams's termination was without just cause because the requirement to obtain a LISW license was not fairly applied to all the program managers. The appellate court relied on *Shaffer v. Am. Sickle Cell Anemia Assn.* (June 12, 1986), Cuyahoga App. No. 50127, 1986 WL 6711, for the proposition that "termination pursuant to company policy will constitute just cause only if the policy is fair, and fairly applied. *Harp v. Administrator, Bureau of Unemployment Compensation* (1967), 12 Ohio Misc. 34 [41 O.O.2d 25, 230 N.E.2d 376]. This court's review of the fairness of a company policy is necessarily limited to a determination of whether the employee received notice of the policy; whether the policy could be understood by the average person; and whether there was a rational basis for the policy. The issue of whether the policy was fairly applied relates to whether the policy was applied to some individuals but not others." Id. at *2.

{¶ 29} We have never adopted such a standard, nor is it necessary to do so in this case. Williams accepted the promotion to program manager knowing that she was required to obtain the LISW certification within 15 months. The requirement was stated as an express condition of the promotion; it was not stated as a company policy. Furthermore, she was not similarly situated to the other two program managers, who had significantly more experience than Williams and were hired several years before she was.

{¶ 30} Although the appellate court noted that there is no governmental requirement that program managers be LISWs and that Williams's supervisor did

not know whether any other employee had been hired as a program manager on the condition of obtaining a license, as Williams had been, there also was no evidence that any other program manager had been hired in the same time period. There was, however, evidence that the two most recent employees who received promotions—Williams and her supervisor—were both required by Bridgeway to obtain LISW certification. Unfortunately, Williams was unsuccessful in her attempt.

{¶ 31} As the review commission noted, a company is entitled to increase the educational requirements for employment opportunities. Nothing in the record shows that the requirement — to obtain LISW certification within 15 months — was an unreasonable expectation or that other individuals were contemporaneously hired as program managers and were not required to obtain LISW certification. Thus, even if we were to adopt a requirement that any company policy must be fair and fairly applied before a termination for failure to follow that policy is deemed a just-cause determination, there is competent, credible evidence upholding the review commission's decision that Williams's termination was for just cause.

### III. Conclusion

{¶ 32} It is undisputed that Williams was required to become certified as an LISW within 15 months of her promotion and that she had agreed to that requirement. Although she made a bona fide effort, she failed to meet the requirement, and she was terminated with just cause. As we have stated, "To find that an employee is entitled to unemployment compensation when she is terminated for her inability to perform the job for which she was hired would discourage employers from taking a chance on an unproven worker. Most employees need an employer to take a leap of faith when initially hiring them. An employer relies upon an employee's representations that she can adequately perform the required work. Likewise, an employee relies upon an employer's

SUPREME COURT OF OHIO

description of what the job will entail. The party that fails to live up to those expectations is at fault." *Tzangas*, 73 Ohio St.3d at 698, 653 N.E.2d 1207.

**{¶ 33}** Therefore, the Unemployment Compensation Review Commission's decision to deny Williams unemployment benefits was not unlawful, unreasonable, or against the manifest weight of the evidence. The judgment of the Eighth District Court of Appeals is reversed.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

————————————

Kenneth J. Kowalski and Maya Simek, for appellee.

Porter, Wright, Morris & Arthur, L.L.P., Fred J. Pompeani, and Rebecca A. Kopp, for appellant.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Laura Eddleman Heim, Deputy Solicitor, and Laurel Blum Mazorow, Assistant Attorney General, urging reversal for amicus curiae Ohio Department of Job and Family Services.

Legal Aid Society of Cleveland and Anita L. Myerson; and Ohio State Legal Services Association and Thomas W. Weeks, urging affirmance for amici curiae Legal Aid Society of Cleveland and Ohio State Legal Services Association.

————————————