[Cite as *Belle Tire Distribs., Inc. v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-277.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97102**

# BELLE TIRE DISTRIBUTORS, INC.

PLAINTIFF-APPELLEE

vs.

# DIRECTOR, OHIO DEPARTMENT OF JOB & FAMILY SERVICES, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-750644

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**     January 26, 2012

**ATTORNEYS FOR APPELLANTS**

Michael Dewine
Ohio Attorney General
Laurel Blum Mazorow
Assistant Attorney General
30 East Broad Street
State Office Tower, 17th Floor
Columbus, OH   43215


**ATTORNEYS FOR APPELLEE**

David J. Kovach
6480 Rockside Woods Blvd., South
Suite 180
Independence, OH   44131

Irvin L. Cook
45 Brown Cir.
Laurel, MS   39440

EILEEN A. GALLAGHER, J.:

{¶ 1}  Appellant, the Director of the Ohio Department of Job and Family Services ("Director"), appeals the decision of the Court of Common Pleas in the R.C. 4141.282 administrative appeal from the Ohio Unemployment Compensation Review Commission.  The appellant argues that the trial court erred in concluding that the decision of the Unemployment Compensation Review Commission was unlawful,

unreasonable, and against the manifest weight of the evidence. Finding merit to this appeal, we reverse the decision of the trial court.

{¶ 2} Irvin Cook worked for Belle Tire Distributors, Inc., from June 24, 2007 through December 2, 2009 as a Shop Technician. On October 7, 2009, one of Cook's co-workers painted a Confederate Flag on his locker and also wrote Cook's name alongside the flag with the word "cotton" inserted between his first and last name. In his correspondence to the Review Commission, Cook stated that he complained to his supervisor about the flag and the inscription on his locker but that nothing was ever done to correct the offensive defacing of the property. Cook claimed that, as an African-American, he considered the actions of his co-worker to be a form of racism. Cook stated that he resigned in protest over the flag and inscription on December 2, 2009.

{¶ 3} Cook filed an application for unemployment compensation benefits with the Ohio Department of Job and Family Services on January 27, 2010 for the benefit year beginning January 24, 2010. On February 23, 2010, the Director issued an initial determination allowing unemployment compensation benefits. In particular, the appellant determined as follows:

The claimant quit Belle Tire Distributors Inc., on 01/23/2009. Facts establish that the claimant was subjected to unreasonable abuse and/or

hardship by working with his/her fellow employees. The claimant informed the employer of his/her concerns, but the employer failed to correct the situation. Ohio's legal standard that determines if a quit is with just cause is whether the claimant acted as an ordinary person would have under similar circumstances. After a review of the facts, this agency finds that the claimant quit with just cause under Section 4141.29(D)(2)(a), Ohio Revised Code.

{¶ 4} Belle Tire filed an appeal to the initial determination. By a redetermination issued April 9, 2010, the Director upheld the determination, affirming the decision that Cook quit his employment with just cause.

{¶ 5} Belle Tire filed an appeal of the redetermination on April 30, 2010. The appellant transferred jurisdiction to the Review Commission on May 7, 2010. In accordance with proper procedure, a hearing officer conducted a telephone hearing on September 14, 2010. Both Cook and Belle Tire participated in the hearing. After considering all the evidence in the record as well as the credibility of each witness, the hearing officer issued a decision on September 15, 2010 reversing the Director-appellant's decision. Specifically, the hearing officer concluded that Cook quit his employment without just cause and determined that an overpayment of unemployment compensation benefits had been made and repayment must be made

immediately.

{¶ 6} Cook filed a timely request for review from the hearing officer's decision and submitted a five-page statement along with his request. The Review Commission allowed the request for review on November 10, 2010 and provided notice to Belle Tire of their right to respond. Belle Tire never filed a response. On December 7, 2010, the Review Commission notified the parties that a decision would be issued based solely on a review of the record without a further hearing. On February 9, 2011, the Review Commission issued its decision, reversing the hearing officer's decision and finding that Cook did quit his employment with just cause.

{¶ 7} Belle Tire appealed the Review Commission's decision to the Cuyahoga County Common Pleas Court pursuant to R.C. 4141.282. On July 6, 2011, the Common Pleas Court reversed the Review Commission's decision, finding that the decision of the Review Commission was unlawful, unreasonable, and against the manifest weight of the evidence. Specifically, the trial court determined that because the decision of the Review Commission was based solely on the record as developed before the hearing officer, the Review Commission must have given the claimant's testimony more weight than the hearing officer. Thus, the trial court concluded, the Review Commission substituted its judgment for that of the hearing officer. Based on these facts, the court determined that the decision of the Review Commission was

unlawful.

{¶ 8}   The appellant appeals, raising the following assignments of error:

I.   The trial court erred in reversing the decision of Unemployment Compensation Review Commission which was not unlawful, unreasonable or against the manifest weight of the evidence.

II. The trial court erred in reversing the decision of the Unemployment Compensation Review Commission simply because the Review Commission reversed the decision of its own hearing officer.

{¶ 9}   Because the appellant's two assignments of error involve the same standard of review and facts, they shall be addressed contemporaneously.

{¶ 10}   The Unemployment Compensation Review Commission's determination of whether a claimant was discharged with just cause is appealable to the court of common pleas.  *Williams v. Ohio Dept. of Job and Family Serv.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031.   "If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."   R.C. 4141.282(H); *Williams.*   This limited standard of review applies to all appellate courts.   *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985).   Thus, a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record

supports it. *Id.*; *Williams*. In other words, a reviewing court may not reverse the commission's decision simply because "reasonable minds might reach different conclusions." *Id.*; *Williams.*

{¶ 11} In the present case, we find the trial court's basis for reversing the decision of the Review Commission to be erroneous. In particular, the court concluded that the Review Commission did not consider additional testimony or evidence in reaching its decision and that doubt is cast upon the appeal process if the Review Commission can simply weigh the evidence on appeal from the hearing officer without offering any explanation or reasoning as to why the decision of the hearing officer should be reversed. We find these conclusions problematic.

{¶ 12} Primarily, in direct contravention to the trial court's conclusion that the Review Commission had based its decision solely on the record before the hearing officer, Cook submitted a five page statement to the Review Commission with his request for further review. Thus, the trial court was incorrect; the Review Commission had additional information that the hearing officer did not.

{¶ 13} Furthermore, the trial court's conclusion that doubt is cast upon the appeal process when the Review Commission reverses the decision of the hearing officer without offering any explanation or reasoning as to the decision is equally wrong. R.C. 4141.281(C)(3) provides that following a hearing, the hearing officer's decision is sent

to all interested parties along with notification of the right of an interested party to request a further review by the Review Commission. R.C. 4141.281(C)(4) provides that at the review level, the Review Commission may affirm, modify, or reverse a hearing officer's decision. Accordingly, contrary to the lower court's findings, the Ohio Revised Code expressly provides for the Review Commission to rewrite a decision of a hearing officer. R.C. 4141.281(C)(6) provides as follows:

> If the commission allows a request for review, the commission shall notify all interested parties of that fact and provide a reasonable period of time, as the commission defines by rule, in which interested parties may file a response. After that period of time, the commission, based on the record before it, may do one of the following: affirm the decision of the hearing officer; provide for the appeal to be heard or reheard at the hearing officer or review level; provide for the appeal to be heard at the review level as a potential precedential decision; or provide for the decision to be rewritten without further hearing at the review level. When a further hearing is provided or the decision is rewritten, the commission may affirm, modify, or reverse the previous decision.

{¶ 14} Thus, the Review Commission had additional information that the hearing officer did not possess, and it acted within the bounds of the law in modifying the decision of the hearing officer. This court concludes that the decision of the Review Commission was supported by competent, credible evidence and, as such, the decision of the trial court must be reversed.

{¶ 15} In order to qualify for unemployment benefits, a claimant must satisfy the statutory requirements of R.C. 4141.29(D)(2)(a), which provides in pertinent part:

(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

\* \* \*

(2) For the duration of the individual's unemployment if the director finds that:

(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work.

{¶ 16} Ohio courts have defined just cause as "that which, to an ordinary, intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine*. Additionally, Ohio courts have determined that a person who quits because of a problem with working conditions must first notify the employer of the problem and provide the employer with the opportunity to deal with the problem. *DiGiannantoni v. Wedgewater Animal Hosp.*, 109 Ohio App.3d 300, 671 N.E.2d 1378 (10th Dist.1996).

{¶ 17} In the present case, the Review Commission found that Cook's co-worker painted a replica of a Confederate Flag on his locker and also inserted the word "cotton" between his first and last name. Cook's statement to the Review Commission outlined his complaints to his supervisor and his belief that the painting was a racially motivated act. Further, the Commission noted that the flag remained on Cook's locker for a month and a half before Cook left his employ. Cook wrote in his request for further review that he reminded Joseph Fiedler, facility manager, on a daily basis of the flag. Despite Mr. Fiedler's comments that he would take care of it, no action was taken to

10

remove the flag. Thus, the Review Commission had competent, credible evidence before it that Belle Tire failed to remedy the harassment even though Cook continued to report it. Based on these facts, the Review Commission determined that an ordinary, intelligent person would have quit under these circumstances and labeled Cook's actions as just.

{¶ 18} We find that the decision of the Review Commission was supported by competent, credible evidence and that its decision should be affirmed. We find the trial court erred in concluding otherwise. Appellant's first and second assignments of error are sustained.

{¶ 19} The judgment of the trial court is reversed. The decision of the Review Commission determining that Cook resigned with just cause is upheld.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, J., CONCUR