[Cite as *Brown v. Ohio Dept. of Job and Family Servs.*, 2014-Ohio-4956.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

LORETTA L. BROWN                          :

    Plaintiff-Appellant                :        C.A. CASE NO.    26109

v.                                        :        T.C. NO.    12CV3063

OHIO DEPARTMENT OF JOB                    :          (Civil appeal from
& FAMILY SERVICES, et al.                            Common Pleas Court)

    Defendant-Appellee                :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of _____November_____, 2014.

. . . . . . . . . .

SEAN BRINKMAN, Atty. Reg. No. 0088253 and AARON G. DURDEN, Atty. Reg. No. 0039862, 10 W. Monument Avenue, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellant

ALAN SCHWEPE, Atty. Reg. No. 0012676, Senior Assistant Attorney General, Health and Human Services Section, 30 E. Broad Street, 26th Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   Loretta L. Brown appeals from a judgment of the Montgomery County Court of Common Pleas, which affirmed a decision of the Ohio Unemployment Compensation Review Commission that her appeal of a decision of the director of the Ohio Department of Job and Family Services was untimely.   For the following reasons, the trial court's judgment will be affirmed.

## I.   Procedural History

{¶ 2}   In 2010, the Ohio Department of Job and Family Services, Office of Unemployment Compensation, granted unemployment benefits to Brown.   On December 28, 2011, the director of the Ohio Department of Job and Family Services determined that Brown had been overpaid unemployment benefits in the amount of $3,650.   The December 28, 2011 determination included a paragraph regarding Brown's appeal rights, which stated:

> **APPEAL RIGHTS**: If you do not agree with this determination, you may file an appeal by mail or fax to the ODJFS office provided.   You may also file an appeal online at https://unemployment.ohio.gov.   The appeal should include the determination ID number, name, claimant's social security number, and any additional facts and/or documentation to support the appeal.   **TO BE TIMELY, YOUR APPEAL MUST BE RECEIVED/POSTMARKED NO LATER THAN 01/18/2012** (21 calendar days after the 'Date Issued').   If the 21st day falls on a Saturday, Sunday, or legal holiday, your deadline has already been extended to include the next scheduled work day.   If you do not file your appeal within the 21-day calendar period, include a statement with

the date you received the determination and your reason for filing late. If your appeal is late due to a physical or mental condition, provide certified medical evidence that your condition prevented you from filing within the 21-day period. In order for your appeal to be considered timely, it must be received/postmarked no later than 21 calendar days after the ending date of the physical or mental condition. * * *

(Emphasis in original.)

{¶ 3} Brown appealed the December 28, 2011 determination by facsimile. The administrative records contain what appears to be three transmissions from Brown, which were apparently received in the early morning hours of January 19, 2012. The first transmission consisted of two pages with a fax machine time-stamp of 1:38 a.m. on January 19, 2012; these pages consisted of a handwritten note (dated January 18, 2012) and a copy of the December 28 decision with "wrong" written on it. Another four pages, with a fax machine stamp indicating that these were pages 4 through 7, were received by the agency's fax machine between 2:18 a.m. and 2:21 a.m. The agency's fax machine also received a 14-page transmission between 2:25 a.m. and 2:32 a.m. on January 19. All of these documents were hand-stamped by the agency as "Received" on January 19, 2012.

{¶ 4} On January 23, 2012, the director denied Brown's appeal, reasoning that the December 28, 2011 determination had become final and Brown had failed to supply reasons to justify her late filing. The director's redetermination stated, "The appeal was not made within the time limit prescribed by law and cannot be accepted as timely."

{¶ 5} Brown appealed the director's redetermination, and the file was transferred

to the Unemployment Compensation Review Commission. In her appeal to the Review Commission, Brown stated that she was "locked out" of the agency's website and could not access information that she needed for her appeal from the system. Brown also stated that she did not receive what she needed from a doctor appointment until January 4, 2012, and that the agency's fax machine was not responding. A telephone hearing on Brown's appeal was scheduled for February 16, 2012. On February 14, prior to the hearing, Brown faxed a letter from her doctor regarding treatment she received in December 2011 and early January 2012.

{¶ 6} The hearing was held as scheduled, and Brown testified. Brown stated that she filed her appeal from the December 28 decision on January 18, 2012 by fax and resubmitted it on January 19, 2012. She explained that she resubmitted it because "one of the major pages was smeared * * * you know when you go through the fax machine it makes it elongated and hard to read[.]" Brown did not know the exact time that she faxed the appeal on January 18, and she did not have a confirmation page for the January 18 submission; she stated that "it didn't print out cause somebody had unplugged my fax machine." Brown further stated that she could not (at the time of the hearing) print a confirmation page from her fax machine, because the machine "give[s] the wrong time for right now because of my fax machine was unplugged."

{¶ 7} Brown also told the hearing officer that she was unable to file a timely appeal due to a medical condition. Brown provided a letter from her physician, which stated that Brown was being treated for breast cancer and lymphedema and was seen for evaluation on December 21, 2011. The doctor further wrote that Brown was measured and

fitted for a compression sleeve, which Brown received on January 7, 2012. Brown testified at the hearing that she received a compression sleeve for her right arm, with which she writes and types, and she had to wear the sleeve "for a couple of days and we have other issues that need to be addressed." Brown stated that she was again physically able to file her appeal on January 8 or 9. Brown presented evidence that she was able to file an appeal in a different ODJFS matter on January 9.

{¶ 8} Brown further stated that she was unable to access the ODJFS system to get necessary information to file her appeal. Brown stated that she was unable to get back into the system from early on January 16 until January 18. Brown provided documentation that she received a new personal identification number (PIN) at 2:47 pm on January 18, 2012.

{¶ 9} In a written decision, the hearing officer concluded that Brown had appealed the December 28, 2011 decision by fax on January 19, 2012. Although Brown asserted that she had faxed her appeal on January 18, she provided no independent verification to establish that she filed an appeal within the appeal period. The hearing officer further found that neither Brown's medical treatment nor the temporary "lock out" from the system prevented her from filing a timely appeal. Finally, the hearing officer stated that it was "simply unreasonable for an appellant to argue both that she did file a timely appeal and that she was prevented from filing a timely appeal."

{¶ 10} Brown filed, by facsimile, a request for review of the hearing officer's decision with the Unemployment Compensation Review Commission. Brown's request for review argued that her original appeal was timely, because she had a medical condition that delayed the start of the 21-day appeal period until January 7, 2012, and that any untimeliness

should be excused because she was locked out of the agency's computer system. Brown's request for review also included additional documentation – a log of 30 facsimilies between October 19 and January 18. Although the document is somewhat blurry, the log appears to reflect that one facsimile was sent to the agency's fax machine (614-752-4808) on January 18 at 12:26 p.m., consisting of three pages; the transmission took 2 minutes and 52 seconds.

{¶ 11} On March 28, 2012, the Review Commission summarily disallowed the request for review. On April 27, 2012, Brown appealed the Review Commission's decision to the common pleas court.

{¶ 12} On January 28, 2014, the trial court affirmed the Review Commission's denial of Brown's appeal. The trial court reviewed R.C. 4141.281(A) and (D), which concern the time period within which an appeal must be filed from a decision of the Director of the Office of Unemployment Compensation, and noted that the focus should be on when her appeal was received by the agency. The trial court rejected Brown's reasons for filing an untimely appeal – her health issues and being locked out of the system – on the ground that "each of these impediments to a timely filing occurred prior to the statutory deadline for filing an appeal." Turning to whether Brown's appeal from the December 28, 2011 decision was timely filed, the court stated:

> The statutes and the Ohio Administrative Code require the trier of fact to use a strict liability standard in determining whether an administrative appeal has been perfected in a timely manner. If the appellant used electronic means to perfect an appeal, then a review of when the director received the document is sufficient. If the appellant used the United States

Postal Service to perfect the appeal, then a review of the postmark on the envelope is sufficient.

The Court finds as a matter of law that the Plaintiff used electronic means to perfect her appeal. Thus, the Court is required to look only at when the director or his agent received the appeal documentation. The Court further finds that the director received the documentation out of time and that his order of dismissal was made in accordance with the law.

{¶ 13} Brown appeals from the trial court's judgment.

## II. Timeliness of Appeal

{¶ 14} Brown's sole assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT THE DIRECTOR RECEIVED THE DOCUMENTATION OUT OF TIME AND THAT HIS ORDER OF DISMISSAL WAS MADE IN ACCORDANCE WITH THE LAW.

{¶ 15} An appellate court's scope of review in employment compensation appeals is quite limited. *Silkert v. Ohio Dept. of Job & Family Servs*., 184 Ohio App.3d 78, 2009-Ohio-4399, 919 N.E.2d 783, ¶ 26 (2d Dist.). An appellate court may reverse the Unemployment Compensation Review Commission's determination only if it is "unlawful, unreasonable or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv*., 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995), paragraph one of the syllabus; R.C. 4141.282(H). "All reviewing courts, including common pleas, courts of appeal, and the Supreme Court of Ohio, have the same review power and cannot make

factual findings or determine witness credibility." *Silkert* at ¶ 26; *see also Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20. The reviewing court must affirm the Review Commission's decision if it is supported by some competent, credible evidence. *Williams* at ¶ 20.

**{¶ 16}** An appeal of a determination of benefit rights must be made within 21 days after the written determination was sent to the party or within the extended period provided by R.C. 4141.281(D)(9). R.C. 4141.281(A). Appeals may be filed or submitted by use of electronic means, such as facsimile, electronic network, or the internet. Ohio Adm.Code 4141-19-01(A).

**{¶ 17}** With the exception of appeals sent by United States Postal Service, the director, commission, or an authorized agent must receive the appeal within the 21-day time period in order for the appeal to be timely. R.C. 4141.281(D)(1). Ohio Adm.Code 4141-19-01(B)(3) specifically provides:

> (a) When electronic means are used as the method of delivery, the document or information submitted must be received by a facsimile device, electronic device, or at an electronic address designated, operated and maintained by the director; and be confirmed by the director to have been received within the statutorily prescribed time frame.

> (b) If the director finds that a document or information received electronically is unintelligible or incomplete, the director may disregard the transmitted document or information in rendering a determination, decision, or order with respect to which the transmitted document or information

would otherwise be relevant.

Ohio Adm.Code 4141-19-01(C) further provides:

> Where the department has not received, has disregarded as unintelligible or incomplete, or is unable to locate an appeal, said appeal will be considered to have been received timely if the sender provides independent verification to demonstrate that the appeal was mailed, submitted electronically or filed in person within the statutorily prescribed time frame.

{¶ 18} The deadline for filing an appeal may be extended under certain circumstances. Of relevance, "[w]hen an interested party provides certified medical evidence stating that the interested party's physical condition or mental capacity prevented the interested party from filing an appeal or request for review under this section within the appropriate twenty-one-day period, the appeal period is extended to twenty-one days after the end of the physical or mental condition, and the appeal or request for review is considered timely filed if filed within that extended period." R.C. 4141.281(D)(9).

{¶ 19} In her appeal to this court, Brown asserts that she filed a timely appeal from the director's determination on January 18, 2012, as documented by the facsimile log, and resubmitted her appeal on January 19, 2012. She states that the log provided independent verification that three pages were submitted electronically to the agency's fax machine on January 18, 2012 at 12:26 p.m. Unlike her prior appeals, Brown does not argue that any untimeliness in the filing of her appeal should be excused or tolled due to her medical issues or computer issues; instead, she focuses only on her testimony that she submitted a timely appeal by facsimile on January 18, 2012, and that she has independent verification of that

timely electronic submission. Brown thus asserts that the Review Commission's determination that her appeal was untimely was not supported by reliable, probative and substantial evidence.

{¶ 20} Upon review of the administrative record, we conclude that the Review Commission's decision was supported by competent, credible evidence. Brown testified at the telephone hearing that she filed her appeal from the December 28 decision on January 18, 2012 by fax and resubmitted it on January 19, 2012. Brown told the hearing officer that she did not know the exact time that she faxed the appeal on January 18, and she did not have a confirmation page for the timely appeal. Brown explained that "it didn't print out cause somebody had unplugged my fax machine," and she stated that she could not (at the time of the hearing) print a confirmation page from her fax machine because it "give[s] the wrong time for right now because of my fax machine was unplugged."

{¶ 21} Although the facsimile log indicates a fax transmission to the agency fax machine on January 18, 2012, there is no evidence – direct or circumstantial – that the dates and times indicated on the log are reliable. In addition, even accepting, for sake of argument, that the facsimile log accurately indicates that a fax was sent to ODJFS at 12:26 p.m. on January 18, 2012, there is no evidence beyond her statement that the three-page document that Brown allegedly faxed on January 18, 2012 was, in fact, her appeal from the December 28, 2011 decision.

{¶ 22} On the record before us, we cannot conclude that the Review Commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence.

### III. Conclusion

**{¶ 23}** The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Sean Brinkman
Aaron G. Durden
Alan Schwepe
Hon. Frances E. McGee