[Cite as *Shepherd v. Dir., Ohio Dept. of Job & Family Servs.*, 2021-Ohio-3696.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

|  |  |  |
|---|---|---|
| SHERI L. SHEPHERD | : | |
| | : | Appellate Case No. 2021-CA-11 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2020-CV-504 |
| v. | : | |
| | : | (Civil Appeal from |
| DIRECTOR, OHIO DEPARTMENT OF | : | Common Pleas Court) |
| JOB AND FAMILY SERVICES, et al. | : | |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

DAVID M. DUWEL, Atty. Reg. No. 0029583, 130 West Second Street, Suite 2101, Dayton, Ohio 45402
　　　Attorney for Plaintiff-Appellant

ROBIN A. JARVIS, Atty. Reg. No. 0069752, Health & Human Services Section, 17th Floor, Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202
　　　Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Sheri L. Shepherd appeals from a judgment of the Greene County Court of Common Pleas, which affirmed the decision of the Unemployment Compensation Review Commission that Shepherd was not entitled to unemployment benefits, because she quit her job without just cause.[1] We conclude that the decision was not against the manifest weight of the evidence, and we affirm.

## I. Factual and Procedural Background

{¶ 2} Shepherd was hired by Horizon on June 25, 2019, as an occupational therapist. Under her hiring agreement, Shepherd was required to travel from her home to the homes of her patients, where she would perform evaluations, discharges, treatments, and resumptions. She was paid a certain rate for each type of visit as well as mileage. Most occupational therapists were assigned to a specific area, and when she started work, Shepherd generally saw patients located in Montgomery County. On September 26, 2019, Shepherd signed an addendum to her hiring agreement. Under the terms of the addendum, she was paid a weekly salary and she agreed to work in all areas that Horizon was licensed to operate and to observe all previously established policies and procedures and standards of operations. She also agreed not to turn down a patient without an approved reason. According to Shepherd, she was not expected to perform treatments, because Horizon had hired other therapists for such visits.

{¶ 3} The following year, on May 5, 2020, Shepherd was told to visit a patient for treatment in Middletown, Ohio, an area in which Horizon was licensed to operate. Shepherd refused to go, citing the distance she would have to travel as well as the fact

---

[1] The appellee here is the Director of the Ohio Department of Jobs and Family Services.

that she would have to perform a treatment. The same day, Shepherd was called into Horizon's office to discuss her refusal with the Human Resources Officer and the Chief Operating Officer. At the meeting, Shepherd told them that she no longer intended to follow the September 26, 2019 addendum. She asked that her employment be terminated, but Horizon declined to do so. Three days later, on May 8, Shepherd requested a meeting with Horizon's Chief Executive Officer, Chief Operating Officer, and Human Resources Officer, and a meeting was scheduled for May 13.

{¶ 4} On May 11, two days before the scheduled meeting, Shepherd filed an application for unemployment compensation with the Ohio Department of Job and Family Services (ODJFS).

{¶ 5} At the May 13 meeting, Shepherd and Horizon talked about the problems that she was having with her job and discussed amending the addendum. After the meeting, Horizon sent Shepherd an amended addendum, and she responded with counter-amendments. Horizon did not accept her counter.

{¶ 6} Shepherd did not return to work at Horizon. In a letter to her dated May 20, 2020, Horizon stated that, because Shepherd did not accept its proposed amendments, it was accepting her "formal voluntary resignation" as of May 15.

{¶ 7} In late May, the ODJFS allowed Shepherd's application, making an initial determination that she was discharged without just cause. Horizon appealed, and the matter was transferred to the Unemployment Compensation Review Commission (UCRC).

{¶ 8} A telephone hearing was held in July 2020 at which the parties submitted various documents and presented testimony. The hearing officer issued a decision in mid-

August reversing the initial determination that Shepherd had been discharged without just cause. The hearing officer held that she had quit without just cause because, by filing the application for unemployment compensation before the May 13 meeting, Shepherd had effectively quit without giving Horizon a chance to address her employment concerns. The UCRC disallowed Shepherd's request for review.

{¶ 9} Shepherd appealed to the Greene County Court of Common Pleas. On March 31, 2021, the trial court found that that decision of the UCRC was not unlawful, unreasonable, or against the manifest weight of the evidence and denied the appeal.

{¶ 10} Shepherd then appealed to this Court.

## II. Analysis

{¶ 11} In her sole assignment of error, Shepherd alleges that the trial court erred by affirming the UCRC's conclusion that she effectively quit her employment without just cause. Shepherd says that Horizon terminated her employment on May 8, 2020.

{¶ 12} "The determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case. Determination of purely factual questions is primarily within the province of the referee and the board." *Irvine v. State Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). By statute, only if a reviewing court "finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence" may it "reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H). "This limited standard of review applies to all appellate courts." *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, citing *Irvine* at 18. "Thus, a reviewing

court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it. In other words, a reviewing court may not reverse the commission's decision simply because 'reasonable minds might reach different conclusions.' " *Id.*, quoting *Irvine* at 18.

{¶ 13} Under Ohio's unemployment statute, a person may not be paid unemployment benefits if "[t]he individual quit work without just cause or has been discharged for just cause in connection with the individual's work." R.C. 4141.29(D)(2)(a). " '[J]ust cause' is ' "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." ' " *Id.* at ¶ 22, quoting *Irvine* at 17, quoting *Peyton v. Sun T.V. & Appliances*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

{¶ 14} The sole issue before the UCRC in this case was whether Shepherd quit working at Horizon without just cause. The hearing officer held that she had. He found that Shepherd had not been discharged from employment as a result of the May 5, 2020 meeting. Instead, the hearing officer found that she quit, citing her refusal to work under the terms of the agreed-to addendum, her request to be terminated on May 5, 2020, and her filing for unemployment compensation benefits on May 11, 2020—before meeting with Horizon to negotiate changes to the addendum. The hearing officer concluded that Shepherd failed to exhaust all reasonable options before quitting; she should have waited for the outcome of the May 13, 2020 meeting before, in effect, quitting by filing for unemployment benefits two days before. The officer found that this was especially true after Horizon had expressly told her that it was not terminating her employment but was willing to meet with her to make changes to the addendum.

{¶ 15} We conclude that the determination that Shepherd quit without just cause

was supported by competent, credible evidence. "Generally, an employee who experiences problems in his or her working conditions must make reasonable efforts to resolve the problems before quitting." *Watts v. Community Health Ctrs. of Greater Dayton*, 12th Dist. Warren No. CA2015-07-068, 2015-Ohio-5314, ¶ 16, citing *Shephard v. Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 2006-Ohio-2313, ¶ 26 (8th Dist.). In this case, Shepherd quit before a scheduled meeting with Horizon to discuss resolving her problems. A meeting with Horizon's Chief Executive Officer, Chief Operating Officer, and Human Resources Officer to discuss amending the addendum was scheduled for May 13, 2020. But Shepherd quit at least two days before the meeting, on May 11, 2020, when she filed the application for unemployment compensation—an act that was plainly contrary to continued employment. Horizon had expressly told Shepherd that it was not terminating her employment and was willing to meet with her to make changes to the conditions of her employment. The UCRC's determination that Shepherd quit without just cause was not against the manifest weight of the evidence.

### III. Conclusion

{¶ 16} The UCRC's decision in this case was neither unlawful, unreasonable, nor against the manifest weight of the evidence. The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

David M. Duwel

Robin A. Jarvis
Hon. Adolfo A. Tornichio