[Cite as *Gustafson v. Damschroder*, 2024-Ohio-3119.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

ERIC M. GUSTAFSON,

Appellant,

v.

MATT DAMSCHRODER, DIRECTOR,
OHIO DEPARTMENT OF JOB AND FAMILY SERVICES,

Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0051**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 22 CV 595

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. John A. McNally, III,* John A. McNally, III, Co., LPA, for Appellant and

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Brian P. Murphy,* Senior Assistant Attorney General, Ohio Attorney General's Office, for Appellee.

Dated: August 15, 2024

**Robb, P.J.**

**{¶1}** Appellant Eric M. Gustafson appeals the decision of the Columbiana County Common Pleas Court affirming the decision of the Unemployment Compensation Review Commission refusing further review of administrative decisions finding Appellant was not entitled to an extension of benefits in the form of Pandemic Emergency Unemployment Compensation (PEUC). Pursuant to federal law, PEUC was not available to Appellant unless he exhausted his regular compensation in the paying state (Ohio) and had no right to regular unemployment in this state or any other state (Pennsylvania), such as by establishing a new benefit year.

**{¶2}** Arguing the Commission's decision was "contrary to the preponderance of the evidence," Appellant contends the evidence shows he was not entitled to regular unemployment compensation in Pennsylvania. He points to a 2019 determination and a 2021 determination made by an unemployment office in Pennsylvania. As Appellee Director of Ohio Department of Job and Family Services (ODJFS) points out, the Pennsylvania ineligibility determinations did not cover a base period relevant for determining Appellant's eligibility for PEUC. For the following reasons, we affirm the common pleas court's judgment upholding the decision of the Unemployment Compensation Review Commission.

<u>STATEMENT OF THE CASE</u>

**{¶3}** On November 17, 2019, Appellant filed an application for unemployment compensation in Pennsylvania. He was found ineligible as no employer reported wages under his Social Security number for the base period July 1, 2018 to June 30, 2019. (11/22/19 PA Decision 1). The decision notified him of his right to appeal but also advised him to call the service center and provide work evidence in order to start an investigation if he in fact worked during the base period.

**{¶4}** Instead, on December 4, 2019, he filed an application for unemployment compensation in Ohio where he resided. In this application, he self-reported working for two Pennsylvania employers in 2019 (one from March 13, 2019 to August 24, 2019 and one from October 21, 2019 to November 16, 2019). His claim was allowed. Notably, the

applicable base period was July 1, 2018 to June 30, 2019 (for the benefit year December 1, 2019 to November 28, 2020).[1]

{¶5}    Appellant then worked in Ohio from December 26, 2019 through January 21, 2020.  To resume benefits, he filed an "additional claim" for unemployment benefits in Ohio on February 7, 2020.  His Ohio benefits were exhausted the week ending June 27, 2020.

{¶6}    Appellant then applied for PEUC in Ohio.  He received this temporary thirteen-week extension of benefits under a new federal law administered by contracting states.  When he applied for additional benefits applicable after the exhaustion of PEUC, an issue with his PEUC eligibility was discovered.  It was determined he had the potential to receive regular unemployment benefits in Pennsylvania (if an application were to be filed using a new benefit year, corresponding to the exhaustion of his Ohio regular unemployment compensation).

{¶7}    On December 2, 2020, ODJFS issued a decision ("Determination") finding Appellant was overpaid $13,060 in PEUC benefits to which he was not entitled because he "has rights to compensation with another state. Claimant has potential eligibility in another state."  Advising Appellant to contact Pennsylvania, ODJFS concluded, "claimant is ineligible from June 28, 2020 until this agency is provided evidence that this issue no longer exists and claimant is otherwise eligible."

{¶8}    Appellant appealed the ODJFS determination.  His filing explained he would be contacting Pennsylvania for benefits starting June 28, 2020 due to potential claim eligibility in that state and would forward the allowance or denial of that claim to Ohio.

{¶9}    On January 10, 2021, Appellant filed a general application for unemployment compensation in Pennsylvania, apparently without specifying an effective date relevant to PEUC collected in Ohio (i.e., without initiating a backdating request).  Therefore, the effective date was based on the application's filing date, which utilized a base period of October 1, 2019 to September 30, 2020.  This Pennsylvania application

---

[1] A base period is "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year, except as provided in division (Q)(2) of this section."  R.C. 4141.01(Q)(1).  "If an individual does not have sufficient qualifying weeks and wages in the base period to qualify for benefit rights, the individual's base period shall be the four most recently completed calendar quarters preceding the first day of the individual's benefit year."  R.C. 4141.01(Q)(2) (the alternate base period).

was denied with an explanation that wages had only been reported for the fourth quarter of 2019 (in the amount of $4,428). (1/27/21 PA Decision 2).  The decision informed him of his right to appeal and advised him to call with evidence if he worked more than the records showed.

**{¶10}** On October 5, 2021, the Director of ODJFS issued a decision ("Redetermination"), affirming the initial Determination and agreeing Appellant was overpaid benefits to which he was not entitled (in the amount of $13,060).  The decision reiterated Appellant had potential eligibility in another state from June 28, 2020 and advised him to contact Pennsylvania and then provide evidence the issue no longer exists.

**{¶11}** In March of 2022, Appellant sent an email to ODJFS.  He attached the January 2021 Pennsylvania ineligibility determination (along with the December 2019 Pennsylvania ineligibility determination).  The attachments were low quality photographs or scans and were thus illegible.  Nevertheless, Appellant's correspondence was construed as an appeal of the October 5, 2021 decision, and the file was transferred to the Unemployment Compensation Review Commission in April 2022.[2]

**{¶12}** A hearing officer at the Commission heard the merits of the appeal where Appellant appeared pro se and testified about the Pennsylvania applications and ineligibility determinations.  He acknowledged he did not file an application for benefits in Pennsylvania with an effective date corresponding to the date when his regular benefits were exhausted in Ohio.  (10/12/22 Tr. at 282-283).

**{¶13}** On October 26, 2022, the Commission hearing officer affirmed the disallowance of PEUC benefits and the finding of a corresponding overpayment (H-2022-014073).  This decision explained ODJFS records showed Appellant had potential eligibility for benefits in Pennsylvania but he failed to file an application for benefits in Pennsylvania with an effective date of June 28, 2020.  The hearing officer pointed out the November 2019 and January 2021 Pennsylvania applications did not encompass eligibility for the relevant effective date of benefits and the evidence thus did not show

---

[2] The case was initially dismissed because he missed a telephone hearing, but it was reinstated after a hearing on his reasons for failing to appear.  Later, a hearing was held on whether various appeals were timely filed, and the case was allowed to proceed.  (9/26/22 Tr.)

Appellant exhausted his rights to regular compensation under any state or federal law. Again, Appellant was advised he was ineligible for PEUC benefits from June 28, 2020 until he provided evidence showing the issue no longer existed.

**{¶14}** Appellant filed a timely appeal of the hearing officer's decision to the Commission. On November 30, 2022, the Commission disallowed a further review of the PEUC eligibility case (C-2022-014073).

**{¶15}** Within the time for appealing to the trial court, Appellant named the Director of ODJFS in a pro se filing in Columbiana County Common Pleas Court. *See* R.C. 4141.282(B) (can file an appeal in the county of residence), (D) (naming the director as an appellee). This filing contained no statement regarding the decision being appealed, but Appellant attached the November 30, 2022 Commission decision in C-2022-014073 on PEUC eligibility (and the two Pennsylvania determinations).[3]

**{¶16}** Appellant then obtained counsel who submitted a brief in the trial court on his behalf. The brief argued the agency decision was contrary to the manifest weight of the evidence, claiming the Pennsylvania ineligibility determinations were not adequately considered by the Commission. He concluded those determinations showed he was not eligible for benefits in Pennsylvania, adding he had no obligation to appeal the Pennsylvania determinations in order to qualify for PEUC.

**{¶17}** The Ohio Attorney General's Office responded on behalf of the Director of ODJFS, pointing out the Pennsylvania determinations did not relate to whether Appellant was eligible for benefits with an effective date of June 28, 2020. It was noted the base period for said effective date would have been January 1, 2019 to December 31, 2019

---

[3] Appellant's correspondence to ODJFS also resulted in the opening of a case to ascertain whether he should be granted a waiver of overpayment. The request for a waiver was denied by ODJFS on March 9, 2022 and affirmed by the Director on April 8, 2022 (H-2022-016854). The hearing in the appeal to the Commission was held jointly with the hearing in the appeal of the eligibility case (H-2022-014073). Separate decisions by the hearing officer were issued in each case (with both specifically explaining the distinct decisions). Subsequently, the Commission issued a decision disallowing further review of the denial of a waiver (C-2022-016854) and a separate decision disallowing further review of the eligibility issue (C-2022-014073). Appellant appealed only the eligibility decision and did not appeal the denial of a waiver to the common pleas court. *See* R.C. 4141.282(C) ("The notice of appeal shall identify the decision appealed from."). Consequently, Appellant's brief filed in this court focuses on the eligibility issue (rather than the decision denying a request for a waiver of overpayment liability).

(with a possible alternate base period of April 1, 2019 to March 31, 2020). The Director explained the only method to determine Appellant's eligibility for said base period was for him to initiate a Pennsylvania application with an effective date corresponding to the date his regular unemployment compensation in Ohio expired.

{¶18} On October 24, 2023, the common pleas court upheld the Commission's decision finding Appellant was not eligible for PEUC and was therefore overpaid. The court reviewed the base periods involved in the Pennsylvania applications, pointing out those determinations did not cover the base period relevant to the date Appellant exhausted his regular Ohio unemployment compensation benefits. The within appeal followed.

<u>UNEMPLOYMENT COMPENSATION LAW</u>

{¶19} Due to the COVID-19 emergency, the federal government created Pandemic Emergency Unemployment Compensation under the Coronavirus Aid, Relief, and Economic Security Act on March 27, 2020. 15 U.S.C. 9025(a)(1)-(2) (payable by a state after signing an agreement with the federal government). The state signatory to the agreement shall make PEUC payments to claimants who:

(A) have exhausted all rights to regular compensation under the State law or under Federal law with respect to a benefit year (excluding any benefit year that ended before July 1, 2019);

(B) *have no rights to regular compensation with respect to a week under such law or any other State unemployment compensation law* or to compensation under any other Federal law;

(C) are not receiving compensation with respect to such week under the unemployment compensation law of Canada; and

(D) are able to work, available to work, and actively seeking work.

(Emphasis added.) 15 U.S.C. 9025(a)(2)(A)-(D). For purposes of division (a)(2)(A), a claimant exhausts the rights to regular compensation in the paying state when they received all regular compensation available based on their base period or their right to compensation terminated due to the expiration of the benefit year. 15 U.S.C. 9025(a)(3)(A)-(B).

<u>Case No. 23 CO 0051</u>

{¶20} "The terms and conditions of the State law which apply to claims for regular compensation and to the payment thereof . . . shall apply to claims for pandemic emergency unemployment compensation and the payment thereof . . . ." 15 U.S.C. 9025(a)(4)(B) (unless inconsistent with the federal statute, relevant regulations, or the Secretary of Labor's operating instructions). In general, a claimant has the burden of proving entitlement to unemployment compensation. *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985) (in applying the threshold just cause test), citing R.C. 4141.29(D)(2)(a) (not entitled to unemployment if quit without just cause or discharged for just cause).

{¶21} The standard of review applicable to unemployment compensation decisions is provided by statute. The common pleas court shall affirm the decision of the Commission unless it was "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). "This limited standard of review applies to all appellate courts." *Williams v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-2897, ¶ 20, citing *Irvine* at 18. "Thus, a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it." *Id.* (a court cannot reverse the Commission's decision if "reasonable minds might reach different conclusions"). Questions of statutory construction and other legal issues are reviewed de novo. *Lang v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-5366, ¶ 12.

## ASSIGNMENT OF ERROR & ANALYSIS

{¶22} Appellant's assignment of error generally says the common pleas court erred in upholding the Commission's decision while quoting passages from the trial court's judgment entry. Appellant says he could not have been overpaid because he did not receive benefits from Pennsylvania and Pennsylvania twice found him ineligible to receive unemployment compensation. He says he had no obligation to appeal those decisions while noting the Ohio PEUC application and the second Pennsylvania application were made during a pandemic. Appellant claims the court ignored the Pennsylvania ineligibility determinations "contrary to the preponderance of the evidence."

{¶23} In response, the Director emphasizes in order to be eligible for PEUC under the federal statute, Appellant (1) must exhaust his right to regular unemployment in Ohio

(by maxing out his benefits or having his benefit reach its end point) and (2) must not be eligible for regular unemployment compensation by establishing a new benefit year in any state. The Director additionally cites Department of Labor instructions specifying a claimant does not qualify if he can establish a new benefit year in any state and the paying state must check the status at every quarter change. U.S. Dept. of Labor, Emp. & Training Admin., U.I.P.L. No. 17-20 (Apr. 5, 2020; May 13, 2020; Mar. 26, 2021) (and states must recover overpayments when claimants receive PEUC to which they were not entitled). It is explained that if Appellant had applied for Pennsylvania benefits with an effective date of June 28, 2020, he may have established eligibility for the base period January 1, 2019 to December 31, 2019 (or an alternate base period of April 1, 2019 to March 31, 2020).

**{¶24}** As the Director's brief points out, the decisions of the agency and the common pleas court did in fact consider the Pennsylvania eligibility determinations presented by Appellant and concluded those determinations did not demonstrate ineligibility in Pennsylvania *at the relevant point in time*. Moreover, the Ohio eligibility decisions did say Appellant was required to appeal the Pennsylvania determinations. The Ohio decisions relied on Appellant's failure to attempt to establish eligibility in Pennsylvania in an application with an effective date of June 28, 2020 (rather than on the failure to appeal the denied applications with effective dates in 2019 or 2021).

**{¶25}** Contrary to the Appellant's argument, the Commission's decision was not contrary to the manifest weight of the evidence, as reasonable minds can make these findings about the Pennsylvania applications (and their ramifications) from the record of the case. *See Williams*, 2011-Ohio-2897, at ¶ 20 ("a reviewing court may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it"). Nor was the decision shown to be unlawful or unreasonable. *See* R.C. 4141.282(H) (uphold the Commission's decision unless it was "unlawful, unreasonable, or against the manifest weight of the evidence"). In fact, Appellant does not analyze or cite the law pertinent to PEUC benefits or regular unemployment compensation periods in an attempt to show a misinterpretation of the law. Instead, he relies on the factual implications of unemployment compensation denials using base periods before and after (but not during) the time period at issue.

Case No. 23 CO 0051

**{¶26}** Appellant claimed he was not eligible in Pennsylvania and utilized the two Pennsylvania ineligibility determinations to support his claim. However, the base periods in these determinations were not dispositive of the issue faced by Ohio on the matter of PEUC eligibility. Appellant's testimony acknowledged he did not file an application for benefits in Pennsylvania with an effective date corresponding to the time when his regular benefits were exhausted in Ohio. (10/12/22 Tr. at 282-283). Although Appellant exhausted his rights to regular compensation in Ohio, the records available in this state indicate potential eligibility in Pennsylvania, and the evidence presented by Appellant in an attempt to dispute this indication was not dispositive or convincing on the precise issue before the Commission. That is, the evidence did not indicate the absence of a right to regular compensation in Pennsylvania at the pertinent application effective date in order to satisfy all aspects of 15 U.S.C. 9025(a)(2).

**{¶27}** The disallowance of PEUC benefits was therefore not erroneous. As Appellant was ineligible for these benefits, the portion of the decision finding he was overpaid as a result of his receipt of those benefits was also not erroneous. Appellant's assignment of error is overruled.

**{¶28}** Accordingly, we affirm the judgment of the Columbiana County Common Pleas Court affirming the decision of the Unemployment Compensation Review Commission.


Hanni, J., concurs.

Dickey, J., concurs.


Case No. 23 CO 0051

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**