[Cite as *Cuyahoga Metro. Hous. Auth. v. Dir., Ohio Dept. of Jobs & Family Servs.*, 2016-Ohio-3457.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103399**

---

## CUYAHOGA METROPOLITAN HOUSING AUTHORITY

PLAINTIFF-APPELLANT

vs.

## DIRECTOR, OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-827330

**BEFORE:** Kilbane, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2016

**ATTORNEY FOR APPELLANT**

Harold C. Reeder
Managing Associate General Counsel
Cuyahoga Metropolitan Housing Authority
Office of Legal Affairs
8120 Kinsman Road
Cleveland, Ohio 44104

**ATTORNEYS FOR APPELLEE**

Michael DeWine
Ohio Attorney General
Laurence R. Snyder
Assistant Attorney General
Unemployment Compensation Unit
615 West Superior Avenue - 11th Floor
Cleveland, Ohio 44113


**Also Listed**

Donald Reeves
12555 Bellaire Road #314
Cleveland, Ohio 44135

MARY EILEEN KILBANE, J.:

**{¶1}**   Plaintiff-appellant, Cleveland Metropolitan Housing Authority ("CMHA"), appeals the trial court's judgment affirming the decision of the Ohio Department of Job and Family Services ("ODJFS"), allowing former CMHA employee Donald Reeves's ("Reeves") claim for unemployment benefits.   For the reasons set forth below, we affirm.

**{¶2}**   CMHA hired Reeves as a custodian at Lakeview Towers on July 7, 1999. On October 8, 2013, Reeves became involved in a dispute over an envelope that was reportedly removed from the Lakeview Towers Site Management Office.   CMHA held a pretermination hearing in the matter on November 7, 2013.   At the hearing, Reeves acknowledged being in the Site Manager's office.   He stated that he took an envelope of medical leave slips that he needed because he was on a leave of absence, but he denied taking the envelope intended for the Site Manager.   Reeves was terminated on November 22, 2013.

**{¶3}**   On December 3, 2013, Reeves applied for unemployment compensation, asserting that he was not terminated for just cause.   On December 13, 2013, the ODJFS disallowed the claim and concluded, "[a]fter a review of the facts, this agency finds that the claimant was discharged with just cause under Section 4141.29(D)(2)(a), of the Ohio Revised Code."   Reeves appealed this decision to the Director, but it was affirmed on January 3, 2014.   The Director's Redetermination concluded that "[a] review of the

original facts plus those submitted on appeal does [sic] not support a change in the initial determination."

{¶4} Reeves filed a further appeal to the ODJFS Review Commission. The Review Commission held a hearing on January 28, 2014. Ariel Flores ("Flores"), a human resources officer with CMHA, testified that a CMHA resident, Bobby Barnes ("Barnes"), dropped off a housing application intended for Site Manager Pamela Harvey ("Harvey"). Harvey was not available so Barnes left it with another Site Manager, Kimberly Holt ("Holt"). Administrative Assistant Sherrie Levy ("Levy") reviewed the contents of the envelope and then placed it on Harvey's desk. Levy and Holt then left the Site Manager's office and proceeded to the copy machine area. Levy subsequently received a call from Harvey about the envelope, asking that Reeves get the envelope and bring it to her. Video surveillance indicated that at approximately 8:49 a.m., Reeves went into the management office and then left with an envelope. Flores testified that because Reeves has keys to all apartment units, dishonesty cannot be tolerated.

{¶5} Reeves testified that he took medical leave slips, and not the housing application left by Barnes. Reeves explained that at the time of the incident, he was on a leave of absence, so he needed leave slips for medical appointments.

{¶6} Harvey testified that she learned that an envelope had been left for her, so she called Reeves, her friend, and asked him to pick it up for her. She then learned that Reeves had forgotten to get the envelope and, instead, obtained medical leave slips. The missing envelope was never recovered, however.

**{¶7}** On January 31, 2014, the Review Commission reversed the redetermination decision. The Review Commission concluded that Reeves had been terminated without just cause and remanded the matter for a determination of "monetary entitlement." In relevant part, the Review Commission reasoned:

> Claimant provided credible sworn testimony denying that he took the envelope from the desk. The employer alleges that it is in possession of video evidence disputing claimant's testimony, but failed to submit such evidence for the hearing. The employer failed to provide sufficient evidence to rebut the claimant's credible sworn testimony. The Hearing Officer finds that claimant did not take an envelope from the desk as alleged by the employer.

**{¶8}** CMHA filed a further appeal to the Review Commission. A hearing was held on April 4, 2014. CMHA supplied a video and still photos from its surveillance system that showed Reeves leaving the Site Manager's office with an envelope. CMHA also submitted a written statement from resident Phyllis Frelix, who indicated that she observed Reeves enter the office, then return with an envelope, and submitted a letter from Harvey indicating that Reeves was "acting on her behalf" when he entered the office to retrieve the envelope. Additionally, Levy testified that Reeves picked up the envelope for Harvey, who is his girlfriend. Levy complained to Harvey that it was not proper for Reeves to go into the office when no one was present. CMHA supervisor Ronald King testified that because Reeves was on leave of absence, he had no authority to enter the office and take paperwork. In opposition, Reeves again testified that he entered the office for medical leave slips, which he then put in an envelope before leaving. He denied taking the missing rental application.

**{¶9}** On April 24, 2014, the Review Commission affirmed the determination that Reeves was terminated without just cause and was entitled to unemployment compensation. In relevant part, the review officer found:

Mrs. Frelix observed claimant with an envelope but did not know the contents of the envelope. She did not know if this was the same envelope she saw earlier at the front lobby desk before she gave it to Mr. Barnes who took it to the management office.

* * *

[T]he evidence is uncontroverted with respect to the claimant having permission to recover the envelope on behalf of its owner [Harvey, but CMHA maintains that he] did not have permission to take the envelope from the office. The claimant contends that he did take an envelope from the office, but not the envelope the employer claims he took.

**{¶10}** The review officer concluded:

The employer did not present reliable, substantial and probative evidence to support a finding that claimant in fact took the envelope in question. The facts indicate that claimant may have violated policies and procedures concerning his presence in the office when he is on a leave of absence [but] a lesser form of discipline may have been more appropriate. * * *

[T]here was not sufficient fault of misconduct on the part of claimant that arose to the level of a justifiable discharge.

**{¶11}** CMHA filed an appeal in the Cuyahoga County Common Pleas Court, challenging the Review Commission's decision. On July 15, 2015, the trial court affirmed the decision, concluding that the Review Commission's finding that Reeves was

terminated without just cause was not "unlawful, unreasonable or against the manifest weight of the evidence." The court explained:

> The issues in this case are whether claimant took an envelope from the management office without authorization, and whether CMHA was justified in terminating his employment based upon this action. The hearing officer assessed the credibility of witnesses and weighed the evidence presented, and determined that claimant Reeves did not remove the envelope. In turn, claimant was not dishonest when he denied taking the envelope. At most, he was guilty of entering the management office while on leave from employment. However, the hearing officer noted that claimant had only minor prior infractions during his fifteen years of employment and a lesser form of discipline would have been more appropriate.
>
> The findings by the Hearing Officer turn largely on credibility * * *. The officer was in the best position to assess the veracity of the witnesses. The trial court should not usurp the factfinder's role to make factual findings or determine the credibility of the witnesses.

{¶12} CMHA now appeals, assigning the following three interrelated errors for our review:

### Assignment of Error One

The Common Pleas Court erred in affirming the Unemployment Compensation Review Commission's decision because it was unlawful, unreasonable and against the manifest weight of the evidence.

### Assignment of Error Two

The Common Pleas Court erred in affirming where the Unemployment Compensation Review Commission accepted a claimant's self-serving contention over competent, credible evidence.

### Assignment of Error Three

The Common Pleas Court erred because it did not apply the proper manifest-weight-of-the-evidence standard of review in reviewing the Unemployment Compensation Review Commission's decision.

{¶13} Within these assignments of error, CMHA argues that the decision of the Review Commission was not supported by the manifest weight of the evidence, because Reeves's testimony was self-serving and refuted by the photos and testimony presented by CMHA. CMHA also complains that the trial court did not apply the correct standard of review to this matter.

Standard of Review

{¶14} R.C. 4141.282 sets forth the standard of review of Review Commission decisions. R.C. 4141.282(H) provides that the common pleas court shall reverse the Review Commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." Appellate courts are also to apply the same standard of review as the trial court and may reverse the Review Commission's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.,* 73 Ohio St.3d 694, 697, 1995-Ohio-206, 653 N.E.2d 1207.

{¶15} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court concluded that the standard for evaluating a challenge to the manifest weight of the evidence supporting a criminal conviction also applies to civil cases. *Id.* at ¶ 17. Applying the standard set forth in *State v. Thompkins*, 78 Ohio St.3d

380, 1997-Ohio-52, 678 N.E.2d 541, the *Eastley* court held that in evaluating a challenge to the manifest weight of the evidence supporting a civil judgment, the reviewing court weighs the evidence and all reasonable inferences, considers witness credibility, and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id*. at ¶ 20. Additionally, the *Eastley* court also stressed that "[i]n weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id*. at ¶ 21. The *Eastley* court explained:

> [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *
>
> If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.

*Id*., quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

## R.C. 4141.29

**{¶16}** R.C. 4141.29 establishes the eligibility requirements for unemployment benefits. A claimant is ineligible if he is discharged for "just cause in connection with the individual's work." R.C. 4141.29(D)(2)(a). "Traditionally, just cause, in the

statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). Whether just cause exists is unique to the facts of each case. *Id.* at 17.

**{¶17}** In order to be eligible for unemployment compensation benefits, Reeves must satisfy the criteria in R.C. 4141.29(D)(2)(a), which provides that no individual may be paid benefits if the individual has been discharged for just cause in connection with the individual's work. Reeves has the burden of proving his entitlement to unemployment compensation benefits under R.C. 4141.29(D)(2)(a). *Irvine* at 17, citing *Shannon v. Bur. of Unemp. Comp.*, 155 Ohio St. 53, 97 N.E.2d 425 (1951); *Canton Malleable Iron Co. v. Green*, 75 Ohio App. 526, 62 N.E.2d 756 (5th Dist.1944); 54 Ohio Jurisprudence 2d, Unemployment Compensation, Section 35 (1962). "Just cause" has been defined as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Irvine*, quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

**{¶18}** Whether just cause exists is unique to the facts of each case. *Irvine* at 18. The factual questions are primarily within the province of the referee and the board, and this court has limited power of review. *Id.* Therefore, the lower court's judgment will be affirmed if the evidence supports the claim that the employee was terminated through his or her own fault. *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga

No. 92965, 2010-Ohio-517, ¶ 38, citing *Milyo v. Bd. of Rev., Ohio Bur. of Emp. Serv.*, 8th Dist. Cuyahoga No. 60841, 1992 Ohio App. LEXIS 3921 (July 30, 1992).

{¶19} In this case, the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence, because the record supports the Review Commission's decision that Reeves was terminated without just cause. Although CMHA presented evidence that a housing application was left in an envelope for Harvey, and that Reeves entered the office and left with an envelope, Harvey testified that she gave Reeves permission to go into her office. She also stated that he did not take the missing envelope. In addition, Reeves testified that he took medical leave slips, and not the housing application. He explained that he had been on a leave of absence and needed medical leave slips to submit to his doctor. It is undisputed in the record that Reeves had an envelope. This evidence, however, could be interpreted to demonstrate that Reeves had the envelope intended for the housing office, or that he had an envelope containing medical leave slips. Either interpretation is equally plausible. Therefore, we find that the record contains competent, credible evidence to support the Review Commission's determination that Reeves was terminated without just cause. Based on the foregoing, we cannot conclude that the Review Commission's decision is unlawful, unreasonable, or against the manifest weight of the evidence. Additionally, the record supports the Review Commission's decision that a lesser punishment may have been more appropriate under the circumstances. Moreover, the record demonstrates that the trial court applied the correct standard set forth in R.C. 4141.282.

**{¶20}** Accordingly, the assignments of error are overruled.

**{¶21}** Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR