[Cite as *Ehrhart v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-5786.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| CHARLES C. EHRHART, | : | Case No. 16CA3726 |
| Appellant-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| DIRECTOR, OHIO | : | |
| DEPT. JOB AND | | **RELEASED: 09/08/2016** |
| FAMILY SERVICES, et al. | : | |
| Appellees-Appellees. | : | |

<u>APPEARANCES</u>:

Charles C. Ehrhart, Wheelersburg, Ohio, pro se appellant.

Michael DeWine, Ohio Attorney General, and Alan Schwepe, Ohio Assistant Attorney General, Columbus, Ohio, for appellee.

Harsha, J.

{¶1}    The State of Ohio Unemployment Compensation Review Commission determined that Charles C. Ehrhart was not entitled to unemployment compensation benefits because his employer, Valley Wholesale Foods, Inc. ("Valley Wholesale"), had discharged him for just cause from his job as a truck driver.  The common pleas court affirmed the commission's decision after finding the decision was not unlawful, unreasonable, or against the manifest weight of the evidence because Ehrhart had failed to follow a directive of Valley Wholesale.

{¶2}    Now Ehrhart asserts that the trial court erred in granting summary judgment.  However, the trial court did not grant summary judgment.  Instead, it affirmed the commission's decision.  We affirm the trial court's judgment because our review of the evidence before the commission establishes that it did not clearly lose its way and create such a manifest miscarriage of justice that we must reverse its decision.   The

evidence supported the commission's determination that Ehrhart was insubordinate for acting contrary to company policy by refusing to pay for sausage that was damaged during his delivery. Moreover, he refused to pay for the sausage even though Valley Wholesale paid him more than the hours he actually worked that week so he could afford to do so.  Because his employment was terminated for just cause, we affirm the judgment of the trial court.

## I. FACTS

{¶3}    Valley Wholesale employed Ehrhart as a truck driver for almost ten years, from August 2004 until April 2014. In April 2014, Ehrhart's employment ended and he filed for unemployment compensation benefits. In its responses to the request by the Ohio Department of Job and Family Services ("ODJFS"), Office of Unemployment Compensation, Valley Wholesale claimed that Ehrhart had quit because he had refused to pay for the damaged product.  Valley Wholesale indicated that Ehrhart had been verbally warned less than three weeks earlier when he also damaged product that he would have to pay for any damaged product if it happened again. However, Ehrhart refused to pay.

{¶4}    The Director of ODJFS issued a determination that allowed Ehrhart's application for unemployment compensation benefits. The director concluded that Ehrhart had been discharged without just cause. On Valley Wholesale's request for reconsideration, the director issued a redetermination decision affirming the prior determination. The director found that Valley Wholesale "failed to establish negligence or willful disregard of the [company] rule on the part of [Ehrhart]" so that he was discharged without just cause.

{¶5}   Valley Wholesale appealed the director's redetermination decision to the Unemployment Compensation Review Commission, and the commission conducted a hearing, which produced the following evidence.

{¶6}   Len Pridemore, the warehouse manager for Valley Wholesale, testified that the company had a verbal policy that truck drivers transporting product for the company must pay for damage to products caused by their negligence. According to Pridemore, employee Ehrhart damaged products he was transporting on three separate occasions, and signed three documents admitting the fact.[1] Pridemore claimed that on the first incident, which occurred in September 2012, he left frozen product on his truck in the evening, and the product had melted and was ruined the next morning.

{¶7}   On the second incident Pridemore testified that in March 2014, Ehrhart damaged product he was delivering and the company owners gave him a verbal warning that the next time it happened, he would have to pay for the damaged product.

{¶8}   On the third incident, which occurred on April 3, 2014, Pridemore testified that Ehrhart damaged product that he was delivering and he was given the option of paying for the damaged product or leaving work. Ehrhart refused to pay and instead left.

{¶9}   Valley Wholesale Vice President Peggy Vastine confirmed Pridemore's testimony that Ehrhart's employment ended after he had a third incident on April 3, 2014 in which he damaged a case of sausage and he refused to pay $39.16 for it. Vastine also confirmed that after his second incident in which he damaged product, the company informed Ehrhart that he would be responsible for the next product damaged by him. On the last incident the customer called the company and complained that the

---

[1] Although the company's witnesses referenced these statements in their testimony, the statements were not included as part of the evidence in the record on appeal.

case of sausage Ehrhart delivered was damaged because it was wet and covered in flour and dirt. Vastine testified that the sausage case became damaged and unusable because Ehrhart put the case on the wet floor of his truck instead of on a pallet, in contravention of company policy. Vastine testified that even though Ehrhart worked only one hour on April 4, 2014 because he left after he refused to pay, the company paid him for eight hours that day so that he could afford to pay for the sausage he damaged.

{¶10} Ehrhart denied that there was any company policy for workers to pay for damaged products, that he had been warned, had signed a statement that he would pay if any product was damaged again, or that he was responsible for damaging the case of sausage on April 3, 2014. Ehrhart did concede, however, that he had left the case of sausage on the floor of his truck notwithstanding the company policy that he keep it on a pallet when he transported it. Ehrhart contended that the customer had rejected the case of sausage because it was the wrong size rather than because it was damaged. Ehrhart claimed that when he tried to come in the day after the last incident, he was told to go home. He testified that the company paid him for a full day of work that day because of its normal bookkeeping procedure, instead of its claimed reason that the company wanted him to pay for the case of sausage from the additional pay. Ehrhart further testified that the wrong sausage case was loaded onto his truck and that it got damaged when he attempted to deliver it to the customer in the rain.

{¶11} The commission reversed the director's redetermination decision and denied Ehrhart's application for unemployment compensation benefits. The commission determined that Valley Wholesale discharged Ehrhart for just cause:

> The available, credible evidence presented in this matter established that
> claimant was counseled for delivering product to customers that was

damaged while he was transporting it.  Claimant was further informed that he would be required to pay for any other food product that was damaged during delivery.

In the final incident, claimant refused to pay for sausage product that was damaged during delivery and essentially unusable.  The employer paid claimant for additional hours that he did not work so that he could pay for the sausage and still receive his entire paycheck.  Yet, claimant still refused to pay the $40.00 to cover the cost of the sausage.  Claimant's actions constitute insubordination and thus, his continued employment is no longer in the employer's best interest.  Therefore, Valley Wholesale Foods, Inc. discharged claimant for just cause in connection with work.

{¶12}  After the commission disallowed Ehrhart's request for review, he appealed the commission's decision denying him benefits to the Scioto County Common Pleas Court. The common pleas court affirmed the commission's decision after finding that it was not unlawful, unreasonable, or against the manifest weight of the evidence. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶13}  Ehrhart assigns the following error for our review:

1. THE TRIAL COURT ERRED IN GRANTING SUMMARYJUDGMENT TO OHIO DEPT. OF JFS.

## III. STANDARD OF REVIEW

{¶14}  In his sole assignment of error Ehrhart asserts that the trial court erred in granting summary judgment to ODJFS.  However, the trial court did not grant summary judgment to ODJFS.  The trial court affirmed the commission's decision that Ehrhart is not entitled to unemployment compensation benefits because Valley Wholesale discharged him for just cause.  Therefore, like the parties to this case, we treat Ehrhart's assignment of error as contesting the propriety of the trial court's judgment affirming the commission's just-cause finding.

**{¶15}** " 'Unlike most administrative appeals where we employ an abuse of discretion standard, * * * our review of an appeal from the decision of the [Unemployment Compensation Review] Commission is identical to that of the common pleas court.' " *Walburn v. Ohio Dept. Of Job & Family Servs.*, 4th Dist. Pike No. 08CA786, 2009-Ohio-976, ¶ 14, quoting *Baird v. S. Ohio Med. Ctr.*, 4th Dist. Scioto No. 04CA2939, 2004-Ohio-5888, ¶ 7. Therefore, the limited standard of review set forth in R.C. 4141.282(H) applies to all appellate courts—an appellate court may reverse the commission's just-cause determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *See Williams v. Ohio Dept. of Job and Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20; *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995), paragraph one of the syllabus.

**{¶16}** In making our review we must give deference to the commission in its role as finder of fact. *Walburn* at ¶ 15. "Thus, a reviewing court may not make factual findings or determine a witness's credibility * * *." *Williams* at ¶ 20. We may not reverse the commission's decision simply because reasonable minds might reach different conclusions. *Id.*; *see also Walburn* at ¶ 15 ("On close questions, where the Commission might reasonably decide either way, we have no authority to upset its decision").

**{¶17}** Under this standard, "[w]hen an appellate court reviews whether a [tribunal]'s decision is against the manifest weight of the evidence, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be

reversed." *See Martin v. Jones*, 2015-Ohio-3169, 41 N.E.3d 123, ¶ 68, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20; *see also Cuyahoga Metro. Hous. Auth. v. Dir., Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 103399, 2016-Ohio-3457, ¶ 15 (applying the Supreme Court's clarified manifest-weight standard for civil cases to an administrative appeal to review a decision of the Unemployment Compensation Review Commission). " 'We will reverse a judgment as being against the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the judgment.' " *Martin* at ¶ 68, quoting *Pinkerton v. Salyers*, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, ¶ 18.

## IV. LAW AND ANALYSIS

### Just Cause

**{¶18}**   In essence, Ehrhart argues that the commission's decision that Valley Wholesale had just cause to discharge him from his employment as a truck driver is against the manifest weight of the evidence.

**{¶19}**   " 'Under R.C. 4141.29(D)(2)(a), an employee who is discharged from employment for just cause is ineligible to receive unemployment benefits.' " *Hartless v. Ohio Dept. of Job & Family Servs.*, 4th Dist. Pickaway No. 10CA27, 2011-Ohio-1374, ¶ 15, quoting *Crisp v. Scioto Residential Serv., Inc.*, 4th Dist. Scioto No. 03CA2918, 2004-Ohio-6349, ¶ 13.

**{¶20}**   "Just cause" is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.  *Williams*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 22; *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985).  The determination of whether there is just

cause for discharge is dependent on the factual circumstances of each case. In conducting our analysis, we must recognize the legislative purpose to provide financial assistance to an individual who had worked and was able and willing to work, but was temporarily without employment through no fault or agreement of the individual. *Tzangas*, 73 Ohio St.3d at 697, 653 N.E.2d 1207, citing *Irvine* at 17.

{¶21} " 'The [Unemployment Compensation] Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control.' " *Williams* at ¶ 23, quoting *Tzangas* at 697. Therefore, "[f]ault on behalf of the employee is an essential component of a just cause determination." *Tzangas* at paragraph two of the syllabus. "Fault, however, is not limited to willful or heedless disregard of a duty or a violation of an employer's instructions." *Williams* at ¶ 24. Just cause for dismissal exists when an employee's actions demonstrate an unreasonable disregard for the employer's best interests. *See, e.g., Midwest Terminals of Toledo Internatl., Inc. v. Dir., Ohio Dept. of Job & Family Servs.*, 6th Dist. Lucas No. L-15-1193, 2016-Ohio-973; *Kohl v. Health Mgt. Solutions, Inc.*, 10th Dist. Franklin No. 15AP-17, 2015-Ohio-4999, ¶ 18; *Hartless*, 2011-Ohio-1374, at ¶ 22.

{¶22} The testimony of the Valley Wholesale witnesses—Vice President Peggy Vastine and warehouse manager Len Pridemore—and the separation information provided to ODJFS by the company supports the commission's findings that: (1) the company had previously informed him about damaging products while delivering them to customers and that he would be responsible for paying for any products he damaged in the future; (2) Ehrhart then damaged a case of sausage while attempting to deliver it to a customer, rendering it unusable; and (3) Ehrhart refused to pay the nearly $40 for

the case of sausage he damaged and instead left and did not pay for it even though the company paid him for seven additional hours he did not work the next day. At one point in his testimony Ehrhart conceded that he had left the case of sausage on the floor of his truck instead of a pallet in the truck, in violation of company policy.

**{¶23}** Ehrhart argues that Pridemore was "caught lying" during the commission hearing, that the company never produced the three documents in which it claimed he admitted he was at fault for damaging products, that there was no rule that employees had to pay for damaged products, and that he was not at fault for damaging the sausage case.

**{¶24}** Ehrhart's arguments contest the credibility of the company's witnesses and evidence. But given the deference we must accord the commission in its role as the finder of fact and to initially determine the credibility of the witnesses, we cannot reverse the commission's decision simply because reasonable minds could have reached different conclusions concerning the just-cause issue. *See Williams*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, at ¶ 20; *Walburn*, 2009-Ohio-976, at ¶ 15. The commission was entitled to credit the company's evidence and to accord little weight to Ehrhart's conflicting testimony.

**{¶25}** The company's evidence established that Ehrhart unreasonably disregarded its instructions that he would be responsible for paying for any product he damaged during delivery and that he did so willfully, even though the company gave him additional money to cover the cost of the damaged product. Ehrhart was at fault for damaging the product by not following company policy while delivering it and by failing

to adhere to instructions to pay for it thereafter.  Under these circumstances, his continued employment as a truck driver was not in Valley Wholesale's best interests.

{¶26}  Our review of the record establishes that the commission did not clearly lose its way and create such a manifest miscarriage of justice that its decision must be reversed. We conclude that the commission's decision that Valley Wholesale's discharge of Ehrhart was for just cause was neither unreasonable, unlawful, nor against the manifest weight of the evidence.  This is not the exceptional case in which the evidence weighs heavily against the commission's decision.  Therefore, we overrule Ehrhart's sole assignment of error.

## V. CONCLUSION

{¶27}  Having overruled Ehrhart's assignment of error, we affirm the judgment of the trial court, which affirmed the commission's decision finding that Ehrhart is not entitled to unemployment compensation benefits.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**